THE STATE v. HILTON AND GORDON.

22 | 241<br>83 | 599

1. New Trial: INSUFFICIENCY OF EVIDENCE. Where the evidence upon which the defendant was convicted, was so lacking in affirmative force that it failed to generate a belief for probable guilt, a new trial was ordered.

*Appeal from Jackson District Court.*

SATURDAY, JUNE 8.

The defendants stand indicted for stealing a certain quantity of horseshoes, from the blacksmith shop of one Jacob Ludwig. The record shows that the defendant Gordon was alone put upon trial, against whom the jury returned a verdict of guilty.

The overruling of a motion for a new trial, filed because the verdict was not sustained by the evidence, is the error assigned.

*Wm. Graham* and *Wilbur & Darling* for the defendant.

*F. E. Bissell,* Attorney-General, for the State.

LOWE, Ch. J.—The guilt or innocence of the defendant is a question in which the appeal lies to the testimony in the cause. This was exclusively circumstan-

1. NEW TRIAL: insufficiency of evidence.

tial. But these circumstances, when closely examined, strike us as rather too remote, light and inconclusive to establish defendant's guilt or to justify the verdict rendered in the premises. And we cannot but feel, after a careful consideration of the same, that the evidence is so lacking in affirmative force to generate a belief of probable guilt, that the issue between the State and the prisoner had better be re-submitted to the determination of a second jury. For this purpose we order a new trial and remand the cause.

Reversed.