## The State v. Moffitt.

1. **Criminal law; EVIDENCE.** In a criminal prosecution, letters from the defendant to third parties which, though having some bearing upon the fact that there were hostile feelings between defendant and the prosecutor, have no direct connection with the case, should be received, if at all, under proper restraints and qualifications, to be given by the court to the jury, limiting their consideration of the correspondence to the single purpose of ascertaining the state of feeling between the parties.

2. —— **NEW TRIAL: UNWARRANTED VERDICT.** Where the evidence adduced by the State in a criminal prosecution is insufficient to support a verdict of guilty, the supreme court will not hesitate in reversing a judgment based thereon.

*Appeal from Hamilton District Court.*

THURSDAY, APRIL 20.

THE defendant was indicted for the crime of willfully and maliciously burning the barn of one Samuel Ross, in the night-time. Upon trial the defendant was found guilty, and was sentenced to imprisonment in the penitentiary for one year. He appeals.

*Miracle, Hyatt & Clark* for the appellant.

*H. O'Connor, attorney-general,* for the State.

COLE, J. — The appellant's counsel make but two points : first, that the court erred in admitting certain letters written by the defendant in evidence; and, second, that the verdict is contrary to the evidence.

I. The State offered in evidence five letters written by the defendant. To their admission the defendant objected, 1. CRIMINAL specifying in detail the grounds thereof. None LAW: evidence of the letters were written to the person whose barn was burned; nor do they contain even the most remote intimation of a threat to burn any property or to do any unlawful act. The letters show that the defendant and his wife had taken into their family a young girl, Lydia by name, and had reared and cared for her as their own child until she had nearly or quite attained her majority, when she, very much against the wish of the defendant and his wife, married one J. S. Ross. The circumstances attending her leaving their house, and her marriage, made it more oppressive to them, and there grew out of it a feud between the defendant and the Ross family, including the owner of the barn, and several other families in that neighborhood. Three of the letters were written to Lydia, one to James Ross and one to Mrs. James Adams, and they all refer wholly to the matter and circumstances of the marriage, and the character and conduct of those whom, the writer supposed, were connected with or implicated in it. All the letters show the height of indiscretion for a man who has reached middle life, and are full of the most uncharitable constructions and unrestrained condemnation of every act of all the families mentioned.

The utmost that could be deduced from all the letters, as having any bearing whatever upon the case, would be

that there were hostile feelings existing between the defendant and the owner of the barn. This fact, it is apparent beyond question, could have been readily proved without introducing the letters. The letters were calculated to prejudice the defendant's cause; and being in evidence, could be made in argument to tell powerfully and improperly against him. Their contents in detail were irrelevant and immaterial, and they brought before the minds of the jury questions foreign to their inquiry. Under the peculiar circumstances of the case, the learned district judge should have required the district attorney to state his object in offering the letters and what he claimed to prove by them. If he only claimed to prove the hostile feelings, and such fact was not admitted by defendant, and he claimed that it could not otherwise be proved, then if the letters were admitted at all, of which we have great doubt, the court should have limited their consideration by the jury to the single purpose of ascertaining the state of feeling of the defendant toward the injured party. We are quite clear that it was error to the defendant's prejudice to admit the letters as general evidence in the cause.

II. Upon the second point made by the defendant's counsel, to wit: that the verdict is not supported by the evidence, we are entirely and cordially agreed in holding that it is not; and for this reason the judgment must be reversed.

2. ——new trial: unwarranted verdict.

The only evidence whatever, aside from the hostile feeling, tending to show that the defendant burned the barn, was the testimony of two or three witnesses that the tracks found on the morning after the fire, leading to and from the barn, were very like the tracks which the defendant's boots would make — having a peculiarity by reason of repairs on the heels. But these tracks were not traced to defendant's house, nor near it. As against this, it was shown that there was a burning of rubbish by some per-

son within a few rods of the barn, the day previous to the night in which it was burned; that the defendant was in his own house, near five miles from the barn, during the entire night — this fact being testified to by the members of his own family only; that the defendant was a man of good moral character and kindness of heart, and was highly spoken of in his neighborhood. The testimony fails to satisfactorily establish either that the barn was set on fire by any one, or if it was, that the defendant did it.

Reversed.