MOORE ET AL. v. ISBEL ET AL.

1. **Trust Deed:** CHANGE OF TRUSTEE: EVIDENCE. Where a trust deed contained a condition by which, upon the failure of the trustee to act, the acting county judge was authorized to appoint a successor, it was *held*

 ·1. That such appointee became clothed with all the powers conferred by the deed upon the person therein designated, and that a sale by him in accordance with the terms of the deed was valid.

 2. That the phrase "acting county judge" referred to the incumbent at the time the appointment was to be made, not at the time of the execution of the deed.

 3. That the record of the appointment in the county court, showing it to have been made by the county judge, was sufficient evidence of that fact.

2. **Pleading:** ADMISSIONS. Facts otherwise admitted in the pleadings of both parties are not put in issue by a general denial.

3. **Trust Deed:** PERFORMANCE OF CONDITION. When a deed of trust directed that a sale thereunder take place at the door of the court house, a sale at the door of the building used as a court house when the county did not own one, was held to be a sufficient compliance with the condition.

*Appeal from Woodbury District Court.*

FRIDAY, APRIL 23.

ACTION in chancery to set aside the title of defendants to certain lots in Sioux City, based upon a sale and conveyance under a trust deed executed by Marshall F. Moore, the ancestor of plaintiffs, who are minors. A defendant, who claims part of the property conveyed by the deed of trust, under a deed by the grantor thereof, unites in the averments of the petition and in its claim for relief. Plaintiffs' case is presented in an amended petition and the substance of its averments is set out by their counsel in the following language:

"That on the 6th day of August, 1859, and until the date of the death of Marshall F. Moore, which occurred in the month of ———, 1859, he reposed confidence and trust in said John L. Campbell, and in consequence thereof constituted him trustee under said deed; and said Campbell accepted

said trust and never relinquished the same; that by said deed, in case the money secured thereby was not paid when due, said Campbell was authorized to advertise and sell the property as stated in the deed; that said Moore neglected to pay the money mentioned in the deed when it became due; that sometime previous to the 9th of March, 1861, under a false and fraudulent pretext that the said John L. Campbell had refused to act as trustee, the said James Isbel fraudulently procured one Robert B. Leech to take the place of said John L. Campbell in said trust, although the said Campbell was not dead or incapable of acting as trustee in the premises, but on the contrary was both willing and able to do so. That in pursuance of the fraudulent purpose of the said James Isbel the said Robert B. Leech as such pretended trustee caused the premises aforesaid to be advertised for sale on the 30th day of March, 1861, and the said advertisement was printed and published in the Sioux City Register once in each week commencing on the 9th day of March, 1861, and ending on the 30th day of the same month, the said 30th day of March being the day fixed for the sale to take place; and that no other advertisement of said sale was made. That in pursuance of such notice said Leech, as such pretended trustee, did on the 30th day of March, 1861, sell all of said premises in bulk for the sum of $2,175 to James Isbel, defendant; that in making said sale said Leech paid no attention to the directions of the said deed of trust that the property should be sold in such parcels as should be deemed most advantageous; that under this sale said Leech made to said Isbel a deed; that said sale so made on the 30th day of March, 1861, was not made at the court house door in Sioux City; that said sale was irregular, illegal and void; that said Leech had no right, power, or authority to act as such trustee; that the sale was not advertised at least twenty days. That on the said 30th day of March, 1861, there was no such place as the court house door, and such persons as may have seen the publication of notice would not know where to go to attend said sale, and for this reason but few if any persons attended the sale, and there was no competition; and under the circumstances said property

could only have been legally sold under proceedings in court to foreclose the deed of trust. That at the time of the sale said Marshall F. Moore was absent from the state and had no knowledge of the same; that about the time of the sale said Moore entered the army and continued until the close of the rebellion in 1865; that he was then appointed Governor of Washington Territory, and continued in that position until shortly before his death; that said deed made by Leech to Isbel was not recorded until August, 1866; and said Moore never had notice of said sale or the manner in which it was conducted."

A subsequent amendment alleges that "Leech, who pretended to act as trustee, was not trustee. That he was appointed such trustee, or pretended trustee, by the county court of Woodbury county, and was not appointed trustee to succeed Campbell by the person acting as county judge of said county; that the county court had no jurisdiction to appoint said Leech.

That no conveyance of the premises described in the deed of trust was made by the said John L. Campbell, or any one else, to the said Robert B. Leech, and said Leech had no title to said premises as said pretended trustee, and said James Isbel took no title by reason of said sale. That said appointment of said Leech was in direct contravention of section 2205 of the Code of 1851, and section 2113 of the Code of 1860."

The deed of trust was executed by Marshall F. Moore August 6, 1859. It states, as is set out by plaintiffs' counsel, that "Moore had that day given his note for $2,540, payable to the order of James Isbel fifteen months after date, and the better to secure the payment of the note the property was conveyed to Campbell in trust, and in case the note was not paid when due, then Campbell, as trustee, should advertise the property at Sioux City at least twenty days, and sell the same at public auction at the court house door in Sioux City to the highest bidder for cash, in parcels or tracts as Campbell might deem most advantageous; and he was empowered to make a deed to the purchaser which should be absolute and estop the

said Moore and his heirs from setting up any claim to the property sold; and he further stipulated and directed that in case of the death, disability or refusal of said Campbell to act, then the acting county judge of the county court of Woodbury county was authorized and requested to appoint a suitable person to act as trustee, and that any person so appointed should be clothed with all the power to act that was given to Campbell."

In November, 1859, Frances V. T. Moore, the wife of Marshall F. Moore, executed a trust deed to Campbell similar in all respects to the trust deed executed by her husband except as to dates.

The answers of defendants set out the trust deed and aver and show that the proceedings thereunder, which resulted in the sale and deed of the premises, were regular and sufficient, being in compliance with the terms and conditions prescribed in the trust deed. They also set up, title to the property acquired under a tax sale, and, making their answers cross-bills, ask that their bills be granted. The interests of the several parties in the lands in suit need not be stated.

Upon a hearing on the merits, plaintiffs' petition was dismissed and the relief asked by defendants was granted. Plaintiffs appeal.

*H. B. Wilson,* and *Pendleton & Bailey,* for appellants.

*Joy & Wright,* and *M. H. Beach,* for appellees.

BECK, J.—I.   It is a familiar doctrine that the grantor of a trust estate may provide, in the instrument creating it, for the succession of trustees, or the transfer of powers conferred from persons or classes of persons named to execute the trust, to others designated to supercede or succeed them. "The person who creates the trust may mould it into whatever form he pleases; he may therefore determine in what manner, in what event, and upon what condition the original trustee may retire and new trustees be substituted." Perry on Trusts, § 287; Hill on Trustees, p. 176.   Conditions of the character of the one in the deed of

1. TRUST
DEED:
change of
trustee: sale.

trust under which defendant's claim title, providing for the appointment of a trustee to succeed the one named, are not infrequently found in instruments of this character, and, so far as we are advised, have always been held valid and the acts of trustees appointed under them upheld. The grantor may provide in the instrument that the new trustee shall be appointed by the creditor, the *cestui que trust*, or by some officer, as judge of probate, county judge, etc., or by an individual named filling a specified office and his successors in office. If the appointment be made in the manner provided the new trustee will thereby become clothed with all the powers conferred by the deed upon the person therein designated.

Upon the execution and delivery of the trust deed the legal title of the land vested in the trustee, for the purpose of carrying out the trust as expressed in the instrument. When the new trustee was designated as provided for in the deed the title and power conferred by the instrument passed to him. *Beal v. Blair*, 31 Iowa, 318.

These are familiar doctrines and rules; the citation of authorities in their support is unnecessary. They completely answer the position of appellants' counsel that a new trustee could not be appointed to take the place of the person named in the deed until he was removed and thus divested of the estate.

II. In January, 1861, the county judge of Woodbury county, upon proper application and a showing of the facts necessary to authorize him to act, entered in the records of the county court an appointment of Leech as trustee to succeed Campbell, in the following words: "Now comes W. R. Henry, by his agent, Robert B. Leech, and represents to the court that John L. Campbell refuses to act as trustee in accordance with the provisions of a certain trust deed between M. F. Moore and John L. Campbell, trustee, said deed being given to secure an indebtedness from Moore to James Isbel, and therefore asks that said Leech may be appointed trustee; the said trust deed providing that, in case of the death, inability or refusal of said Campbell to act, the county judge was

empowered to appoint a trustee in his place, hereby appoints Robert B. Leech, and authorizes him to act as such.

                         John P. Allison, County Judge."

Various objections are made by plaintiffs' counsel to this appointment, and it is claimed no power was conferred by it upon the new trustee. They demand but brief consideration, many of them being sufficiently answered by the statement above made of the doctrines applicable to the facts.

1. It is insisted that the condition of the deed of trust authorizing the " acting county judge " to appoint a successor to the trustee named conferred that power upon the person then filling the office of county judge, the words designating the office being *discriptio personarum*. The language warrants no such conclusion. It conferred the power of appointment upon the individual who filled the office of county judge at the time the appointment should be demanded.

2. The record shows that the appointment was made by the acting county judge. Now it cannot be claimed that the act of appointment will be defeated because it is witnessed by the record of the county court. The record is the evidence of the act of the county judge, and shows that he exercised the power conferred by the trust deed. In the absence of any provision as to the manner of the appointment and evidence thereof, it is very plain that no objection can be urged on the ground that the appointment is made to appear by the record of a court.

3. The appointment by the county judge designated the person to discharge the powers conferred by the deed. It did not confer power or affect the title of the real estate. This was all done by the deed of trust itself. The appointment was simply a proceeding under and provided for by the deed of trust. If witnessed in a manner competent to perpetuate evidence of such an act the law will require nothing more. The objections, therefore, that the appointment should have been by and delivered to the new trustee, etc., are without foundation. It cannot be doubted that the appointment of the new trustee was made by the county judge, for the

Moore v. Isbel.

appointment is made of record in the county court. That the facts existed which authorized the appointment is fully established by evidence aside from the record itself.

III. It is next urged that there is no evidence of the advertisement of the lands for sale as required by the trust 2. PLEADINGS: deed. The petition alleges a sufficient advertise-admissions. ment. But plaintiffs insist that, as defendants deny generally the allegations of the petition, the advertisement cannot be taken as admitted. But the answer of defendants was the advertisement substantially as it was set out by plaintiffs in the petition. The allegations of the parties agreeing as to the fact, it must be regarded as admitted by both sides. The general denial found in the answer will apply only to facts not admitted by defendants.

IV. It is insisted that the sale was not made at the place prescribed in the deed of trust, namely, the court house door 3. TRUST in Sioux City. It is shown that the sale took DEED: per- place at the door of the building used as a court formance of condition. house, where the courts were held. The county had no other court house, and this building being used for holding courts was called the court house. It is very plain that this was the place designated by the trust deed for the sale. If it could not have been held there, the deed would have been defeated, for there was no other place which comes within the description of this instrument. We would certainly hesitate to put an interpretation upon the deed that would defeat it, by rendering the performance of its conditions impossible.

V. In our opinion the defendants hold a valid title to the property in dispute under the trustee's sale and deed. It becomes unnecessary to examine the questions presented involving the tax titles set up by defendants.

AFFIRMED.