## THE STATE v. KEPPER.

1. **Criminal Law**: WHAT WITNESSES THE STATE MAY EXAMINE ON THE TRIAL. Under chapter 130, Laws of 1880, the grand jury may find an indictment upon the minutes of evidence given by the witnesses before a committing magistrate; and in such case, by section 3 of said chapter, the state is entitled on the trial to examine any witness in support of the indictment who was examined before the committing magistrate, and whose evidence was considered by the grand jury in finding the indictment, and a minute thereof returned to the court with the indict-ment. But where the indictment was found upon minutes which were not certified by the magistrate, as required by section 4242 of the Code, *held* that the grand jury was not precluded from satisfying themselves by other evidence that the minutes were correct, and that it must be presumed that they did so satisfy themselves; also, that the state did not thereby lose any right to examine the witnesses who testified before the magistrate, which it would have had had the minutes been properly certified.

2. **Burglary**: EVIDENCE OF IDENTITY: RES GESTÆ. Where the prosecuting witness and his wife both testified that defendant was the person who entered their house on the night in question, and there were other circumstances, proved by the testimony of other witnesses, which tended strongly to identify him as the criminal, the fact that the person who committed the crime stated, before he entered the house, that he was the defendant, was proper to be considered by the jury, in connection with the other circumstances in evidence, in determining the question of identity.

3. ———: ———: PROOF OF COMMISSION OF ANOTHER CRIME: RELE-VANCY. Where the indictment charged burglary with intent to commit an assault and battery, and the body of the crime was established, it was competent, for the purpose of identifying defendant as the criminal, to show that he knew that there was a sum of money in the house at the time, even though it tended to prove the commission of a distinct crime from that charged in the indictment, or a different motive from that alleged.

*Appeal from Henry District Court.*

TUESDAY, APRIL 21.

THE defendant was convicted of the crime of burglary, and sentenced to a term of imprisonment in the penitentiary, and from this judgment he appeals.

The State v. Kepper.

*L. G. & L. A. Palmer,* for defendant.

*Smith McPherson, Attorney-general,* for the State.

REED, J.—There was a preliminary examination of the defendant on the charge, and he was held to answer the same. The papers relating to the examination, which were returned by the magistrate to the district court, were at the proper time submitted to the grand jury. Among these papers was what purported to be the minutes of the evidence given by the witnesses who were examined on the preliminary examination, but no certificate of the magistrate to the truth of the minutes was attached thereto, as required by Code, § 4242. The witnesses were not called before the grand jury for examination, but the indictment was found on the minutes of evidence. And the district attorney did not serve the defendant with any notice stating the names of the witnesses whom he would examine in support of the indictment, and the substance of the testimony they would give.

On the trial defendant's counsel objected to the examination of the witnesses in support of the indictment, and moved the court to exclude their testimony, on the ground that they had not been sworn and examined before the grand jury, and the papers purporting to be the minutes of the evidence on the preliminary examination were not authenticated by the certificate of the magistrate. This objection was overruled by the court, and the witnesses were examined and gave testimony in support of the indictment.

Before the enactment of chapter 130, Laws of the Eighteenth General Assembly, an indictment could be found only upon evidence given by witnesses produced, sworn and examined before the grand jury, or furninshed by legal documentary evidence. (See section 4273, Code of 1873.) But under the provisions of that chapter the grand jury may find an indictment upon the minutes of evidence given by the witnesses before a committing magistrate.

It will be observed that defendant's objection raises no question as to the power of the grand jury to find the indictment without calling the witnesses and taking their testimony under oath, when they did not have before them an authenticated minute of the evidence before the committing magistrate. But the objection relates solely to the right of the state to examine witnesses in support of the indictment, who were not examined before the grand jury, and when no properly authenticated minute of their testimony before the committing magistrate was before that body when the indictment was found.

Section 3 of chapter 130, Acts of the Eighteenth General Assembly (which is a substitute for section 4289 of the Code of 1873) provides that, when an indictment is found on the minutes of evidence of witnesses before the committing magistrate, a brief minute of such evidence shall be written out and returned by the grand jury with the indictment. Section 4275 provides that a like minute of the testimony of witnesses who have been examined before the grand jury shall be returned with the indictment. And section 4292 provides that these minutes shall be filed by the clerk of the court, and shall remain in his office as a record. And the state is entitled on the trial to examine any witness in support of the indictment who was examined either before the grand jury or the committing magistrate, and whose evidence was considered by the grand jury in finding the indictment, and a minute thereof returned to the court with the indictment.

When the grand jury returned the indictment and the minutes of the evidence, and these were filed, the record thus · made became the legal evidence as to the testimony on which they acted in finding the indictment. It showed that the indictment was found on the minutes of evidence taken before a committing magistrate. When the grand jury return an indictment, the law presumes that they had before them sufficient legal evidence to warrant them in finding it. There

is a presumption also that everything was done in the course of the investigation which the law directs the grand jury to do before finding an indictment. If witnesses are produced before it for examination, the law requires that their testimony shall be given under the sanction of an oath, and, when the grand jury have returned a minute of the testimony of witnesses examined before them, the presumption is that the witnesses were sworn and gave their testimony under oath.

Before finding an indictment on the minutes of evidence before the committing magistrate, they were necessarily required to ascertain whether they had before them a true minute of the evidence given by the witnesses who were examined on the preliminary examination. If the certificate prescribed by section 4242, had been attached to the minutes, this would have been competent and sufficient evidence of the fact.

In the absence of such certificate, however, they were not precluded from all inquiry on the subject. The fact might be proven by other evidence, and, as they acted in finding the indictment on the paper which they had before them, the presumption is that they ascertained by satisfactory and competent evidence, before taking such action, that it was a true minute of the evidence of the witnesses before the committing magistrate. Upon the presumptions arising from the record, the state was entitled to examine the witnesses objected to in support of the indictment.

II. Defendant is accused, in the indictment, of breaking and entering the dwelling house of Albert Johnson, in the night-time, with intent to commit the crime of assault and battery. The evidence shows that on the night in question some person went to the house of Johnson, after he and his wife had retired, and, waking them, asked to be permitted to come into the house and stay until morning. Johnson arose and opened the door, and the person came into the house, and, as Johnson turned to go into an adjoining room to get a lamp which was burning, but turned down low, he

struck him with a club on the head, the blow rendering him unconscious. At this, Mrs. Johnson arose and got the lamp and, turning it up, went with it into the room where her husband was. The person who had come into the house immediately attacked her and struck her a blow with the club, but she seized hold of it and succeeded in taking it from him, when he immediately left the house. Johnson testified that he recognized defendant as the person who spoke to him from the outside of the house, by his voice, and Mrs. Johnson testified that she saw the person who came into the house, by the light of the lamp, and that she knew it was defendant. Both witnesses were permitted, against defendant's objection, to testify that the person, while outside of the house, in answer to the question of Johnson, "Is that you, Kepper?" replied, "You bet."

It is very clear, we think, that the whole of the conversation between Johnson and the person outside of the house was admissible as constituting part of the *res gesta*. It tended to show that Johnson was induced by fraud to open the door of the house and permit the person to enter it. This is not denied by counsel for defendant, but their complaint is that this statement was permitted to go to the jury as evidence to identify defendant as the person who made it.

It is true that the statement was admitted without limitation. The jury were not told that they could not consider it in determining whether defendant was the person who committed the crime.

But, in our opinion, this omission affords defendant no ground of complaint. If this statement had been the only evidence which tended to identify defendant as the person who committed the crime, the jury clearly would not have been warranted in convicting him. But, as stated above, both Johnson and his wife testified that he was the person who entered their house on the night in question. And there are circumstances proven by the testimony of other witnesses, which tend strongly to identify him as the criminal. And,

we think, the fact that the person who committed the crime stated before entering the house that he was Kepper, might properly be considered by the jury, in connection with the other circumstances proven, in determining the question of identity.

III.   The court permitted the state to introduce evidence tending to prove that defendant knew that Johnson had a sum of money in his house at the time the offense was committed.   The objection urged against the admission of this testimony is that it is not relevant to any issue in the case. It must be admitted that the evidence did not tend to prove either the breaking and entry of the building, or the intent alleged in the indictment.   The averment in the indictment is that the building was broken and entered with intent to commit an assault and battery, and the evidence shows that the person who committed the crime went into the building armed with a club, and committed an assault and battery on both Johnson and his wife.   This shows clearly enough that he had it in mind when he entered the building to commit that crime.   But it is not reasonable to presume that this was the only intent with which he entered the house.   The circumstances show very clearly, we think, that the principal intent with which the building was entered was to commit the crime of larceny or robbery.   The fact, then, that defendant knew that there was money in the house, was a proper circumstance to be considered by the jury in determining whether he is the person who broke and entered it.   And when the fact that the particular crime charged in the indictment is proven, evidence which tends to identify the defendant as the person who committed it is relevant to the issue, and is admissible even, though it tends also to prove the commission of a distinct crime from that charged in the indictment, or a different motive from that alleged.

We have found no error in the record on which the judgment ought to be reversed, and it is accordingly

AFFIRMED.