THE STATE v. CAMPBELL.

1. **Assault With Intent to Rob**: INSUFFICIENT EVIDENCE. The evidence on which defendant was convicted of an assault with intent to rob considered, (see opinion,) and *held* insufficient to connect defendant with the crime.

*Appeal from Wright District Court.*

FRIDAY, OCTOBER 15.

DEFENDANT and one Phinley Beck were together indicted for an assault with intent to rob, and, upon a separate trial, defendant was convicted, and sentenced to the penitentiary for five years. He now appeals to this court.

*J. F. Martin, T. L. Sellers* and *D. C. Filkins,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

BECK, J.—I. The indictment charges defendants with an assault upon one Myers, with the intent to rob him. The evidence shows that Myers, who is a merchant, was assaulted in the night-time by two men, who came into his store and, presenting a pistol, demanded his money. He resisted them, and was, in the struggle, shot three times. He testifies that he seized the pistol held by one of the men, grasping the man's hand over it, and that the pistol was discharged. It is claimed that the man's hand was wounded by the pistol. The men were disguised, their faces being blackened. Myers does not, in his testimony, identify defendant as one of the men, further than by the expression of an opinion that he is of the form and size of one of the assailants. The only other effort to connect defendant with the crime is by evidence tending to prove that Beck was one of the robbers, and that defendant was much with him, and was with him

at the house of Beck's mother the night the crime was committed. Beck's connection with the crime was shown by evidence that he had a wound upon his hand, and the testimony of Myers tends, in some degree, to identify him.

II. There is no evidence of any character tending to connect defendant with the crime, other than what we have stated. In his behalf there is evidence tending to establish an *alibi*. The same evidence applies to Beck. It is true that there was evidence by one witness introduced tending to impeach one of the witnesses testifying to the *alibi*, on the ground of bad reputation. But this witness was himself impeached by evidence of the same character as that introduced to assail defendant's witness, and two witnesses testify that she sustained a good reputation. Several witnesses testify to the good character of defendant before he was charged with the crime. We are impelled to the conclusion that the evidence utterly fails to connect defendant with the commission of the crime. On this ground, we think the court below should have sustained the motion made there for a new trial. The judgment is therefore

REVERSED.