THE STATE OF IOWA, Appellee, v. FRANK WISE, Appellant.

1. **Criminal Procedure**: CERTIFICATE OF EVIDENCE ON PRELIMINARY EXAMINATION: INDICTMENT. Where the stenographic notes of the evidence of witnesses upon the preliminary examination in a criminal cause, taken by one not under oath, were transcribed by the stenographer in type-writing, and such copy was certified to by the justice, and returned to the clerk of the district court as the minutes of testimony taken before him on such examination, *held*, that such certified transcript was sufficiently authenticated to authorize the grand

jury to act upon it, and to indorse the names of the witnesses given therein upon the indictment.

2. ———: NEW TRIAL: SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT: APPEAL. Where the verdict in a criminal cause appears to the supreme court to be against the clear weight of the evidence, the cause will be remanded for a new trial. [ROBINSON and GRANGER, JJ., *dissenting.*]

*Appeal from Chickasaw District Court.*—HON. L. O. HATCH, Judge.

THURSDAY, OCTOBER 22, 1891.

THE defendant was indicted, tried and convicted of the crime of rape. His motion for a new trial being overruled, judgment was entered against him, from which he appeals.—*Reversed.*

*Noble & Updegraff, Hiram Shaver* and *J. H. Powers*, for appellant.

*John Y. Stone*, Attorney General, and *George E. Stow*, for the State.

GIVEN, J.—I. On the trial the appellant objected to the examination of Bertha Lillibridge and W. H. Caton on behalf of the state, for the reason

1. CRIMINAL procedure: certificate of evidence on preliminary examination: indictment.

that no minutes of the testimony of either were taken by the grand jury; that they were not witnesses before the grand jury; that no notice that their testimony would be taken had been served; and that what purported to be minutes of their testimony was not taken by any authorized authority, and was not proper to be considered by the grand jury. The objection was overruled, and the ruling is assigned as error.

It appears from the record that the defendant was held upon preliminary examination to the grand jury;

that upon the preliminary examination the justice called
Mr. W. S. Harris to take the testimony of the wit-
nesses; that Mr. Harris took it in shorthand, and
afterwards transcribed it in type-writing, which copy
the justice certified, and returned to the clerk of the
court as the minutes of the testimony before him in the
case. Mr. Harris was not sworn to correctly take
the testimony, nor to the correctness of the copy, but
he testifies that the copy is a true statement of the
minutes taken by him. Section 4293 of the Code
requires that, "when an indictment is found, the
names of all the witnesses on whose evidence it is
found must be indorsed thereon before it is presented
to the court, and the minutes of the evidence of such
witnesses must be presented with the indictment to the
court." Under section 4273, an indictment may be
found "upon the minutes of the evidence given by
witnesses before the committing magistrate." Section
4241 requires the examining magistrate to write out, or
cause to be written out, the substance of the testimony
given on the examination by each witness examined
before him. It is not required that the person whom
the magistrate may cause to write out the testimony
shall be sworn, or that the minutes sent up by the
magistrate shall be verified by his oath or signed by
the witnesses. It is the substance of the testimony
that is to be taken, and the magistrate, having heard
the testimony, may certify that the minutes thereof
taken by the person called by him are a correct minute
of the substance of the testimony. The minutes of the
testimony in this case were taken as authorized by law,
and sufficiently authenticated to authorize the grand
jury to act upon them, and to indorse the names of
these witnesses upon the indictment. There was no
error, therefore, in overruling the defendant's objec-
tions to the examination of these witnesses. *State v.
Rodman*, 62 Iowa, 456.

II. One ground of the motion for a new trial is that the verdict is contrary to the evidence. The rule in such cases is different from that applied in civil cases. This court, though proceeding carefully and cautiously, will interfere in criminal cases more readily than in civil. We will not in a criminal case support a verdict if it be against the clear weight of the evidence. *State v. Tomlinson*, 11 Iowa, 401; *State v. Johnson*, 19 Iowa, 231; *State v. Collins*, 20 Iowa, 85; *State v. Elliott*, 15 Iowa, 72; *State v. Hilton*, 22 Iowa, 241; *State v. Moffitt*, 31 Iowa, 316; *State v. Woolsey*, 30 Iowa, 251; *State v. Campbell*, 69 Iowa, 556; *State v. Billings*, 81 Iowa, 99. In our opinion the verdict is against the weight of the evidence, and the motion for new trial upon that ground should have been sustained.

2. ——: new trial: sufficiency of evidence to sustain verdict: appeal.

As it follows from this conclusion that the case may be retried, we forbear from any discussion of the evidence. Other questions discussed will not arise on a retrial, and are, therefore, not noticed. For the error mentioned the judgment of the district court is REVERSED.

ROBINSON and GRANGER, JJ., dissenting.