THE STATE OF IOWA v. GRANT COOK, Appellant.

Rape: EVIDENCE. A witness may say that prosecutrix told him, shortly
3  after the act, that defendant had intercourse with her without her consent.

SAME. Complaints made soon after the injury are corroborative testi-
4  mony.

SAME: ATTEMPT. A conviction for attempt to rape may be supported
5  upon uncorroborated testimony of prosecutrix.

Practice. A record that defendant was. convicted of a certain crime,
1  informed of charge and plea, brought up for sentence, and, that after being called on to show cause why sentence should not be pronounced, "it is, therefore, adjudged and ordered that defendant be confined," etc., shows a judgment from which an appeal will lie, though it be not an express finding that defendant is guilty of the crime of which he was convicted.

SAME: GRAND JURY. Minutes of a witness' testimony on preliminary
2  hearing were before grand jury, witness appeared before it but no minute was made except a statement that her testimony was the same as on the preliminary hearing. Her name was indorsed and said minutes returned with the bill, and filed. *Held*, said witness could testify for the state.

| 92 | 483 |
| 95 | 508 |
| 92 | 483 |
| f97 | 391 |
| 92 | 483 |
| 105 | 44 |
| 92 | 483 |
| 110 | 651 |
| 92 | 483 |
| 114 | 428 |
| 92 | 483 |
| 116 | 213 |
| 116 | 215 |
| 92 | 483 |
| 129 | 487 |
| 92 | 483 |
| 133 | 39 |

*Appeal from Hancock District Court.*—HON. JOHN C. SHERWIN, Judge.

WEDNESDAY, DECEMBER 12, 1894.

DEFENDANT was indicted for the crime of rape. Upon trial to a jury he was convicted of an assault with intent to commit rape, and sentenced to the penitentiary for the term of eighteen months, and he appeals.—*Affirmed.*

*Cliggett & Rule* and *J. E. Wichman* for appellant.

The attorney general *Thos. A. Cheshire* and *W. E. Bradford* for the state.

DEEMER, J.—It is first insisted that there is no judgment against defendant in the case; that there is simply the verdict of the jury and the sentence of the court. The record recites the overruling of the motion for new trial, and then proceeds: "And the court on the same day, rendered judgment against the defendant as follows, to wit: And afterward, on the same day, to wit, on this ninth day of December, 1892, * * * the defendant being brought into open court to receive sentence, he having been convicted of the crime of an assault with intent to commit rape, and he having been informed of the matters of the indictment, his plea, and the verdict of the jury thereon, and being asked if he had any legal excuse to show why judgment and sentence should not be pronounced against him, and no sufficient cause being shown, and the court being fully advised in the premises, it is, therefore, ordered and adjudged by the court that defendant be confined in the penitentiary at Anamosa at hard labor for the term of eighteen months, and that he pay the costs of prosecution,"

etc. The exact complaint, as we understand it, is that the court did not, in express terms, find and enter of record that defendant was guilty of the crime of which he was convicted. If it be necessary for the court to find the defendant guilty of the crime of which he is convicted by the jury,—a point which we do not decide,— we do not think it is required that he do so in express words. If, from the whole record, it is apparent that the court did so find, either by adopting the verdict of the jury or otherwise, so as to leave no doubt that such judgment was had, then the record is sufficient. Looking, then, to the record in this case, we think it sufficiently appears that the court adopted the verdict of the jury as a part of its judgment, and sentenced accordingly. The judgment was sufficient.

II. The court permitted Clara Bohn to be examined as a witness on the part of the state, against the objection of defendant that she was examined before the grand jury, and her name indorsed on the back of the indictment, but that no minutes of her testimony were returned with the indictment.

The record shows that the defendant had a preliminary examination before a committing magistrate, and that Clara Bohn was examined before him, and a minute made of her testimony, which was filed with the clerk of the district court, as by law provided. The grand jury, in its investigation of the case, had the witness brought before them, but made no minutes of her testimony, except to note as follows: "Clara Bohn sworn. Evidence same as on preliminary information." The minutes made by the committing magistrate were, by the grand jury, returned with the indictment, with· the statement that they were read before and used by the jury in finding the indictment. These minutes were filed by the clerk with the indictment. It is contended that as the witness was examined before the grand jury, and as no minutes of her testimony were

made by them, and returned with the indictment, it was error to permit the witness to be used. We think the state was entitled to this witness' testimony, without reference to the fact that she was before the grand jury. Her testimony had been taken by the committing magistrate, and the minutes returned by him were used by the grand jury in finding the indictment, and the witness' name was indorsed on the back of the indictment. *State v. Rodman*, 62 Iowa, 456, 17 N. W. Rep. 663; *State v. Wise*, 83 Iowa, 596, 50 N. W. Rep. 59. But if it should be held that, having been before the grand jury, the minutes of her testimony there given should be returned, we think that they were so returned as that the witness was properly allowed to testify. The grand jury had the right to adopt the minutes of her testimony made by the committing magistrate as their own, and, after such adoption, they were essentially minutes made by the clerk of the grand jury. They were properly filed with the clerk, with the indictment, and sufficiently indicated what the testimony of the witness would be. We think they were sufficient.

It is also insisted that the minutes returned by the magistrate were not properly certified, and that the court erred in admitting the testimony of any of the witnesses who were examined before the magistrate. This point has been ruled adversely to appellant in the case of *State v. Kepper*, 65 Iowa, 745, 23 N. W. Rep. 304, and *State v. Wise, supra*.

III. Shortly after, and on the same day the offense is said to have been committed, the prosecuting witness, Clara Bohn, made complaint to her parents that she had been abused. Her father was a witness for the state, and was permitted to testify, over the objections of defendant, that she complained of the defendant as being the person who had abused her, and that she said it was without her con-

sent. Counsel quote the familiar rule that in cases of this character, while it is permissible to show that the prosecutrix made complaint of the injury shortly after the occurrence, yet the particulars of the complaint are inadmissible, and insist that the court was in error in allowing the father to give the testimony objected to. Without attempting to review the authorities from other states, which seem to be somewhat in conflict, it is sufficient to say that that question has already been passed upon by this court in the case of *State v. Watson*, 81 Iowa, 380, 46 N. W. Rep. 868. In that case it was held that a witness might state that the prosecuting witness told her what the defendant did, as that he ravished or had intercourse with her. See, also, *State v. Mitchell*, 68 Iowa, 116, 26 N. W. Rep. 44. The statement made by the father that the prosecutrix said the intercourse was without her consent appears to us, after carefully scrutinizing the testimony, to be simply the way the witness had of explaining what his daughter complained of. The complaint made by the daughter was in German, and some difficulty was had in making the father understand just what was wanted from him. It seems clear to us that the statement he made, that the daughter said the intercourse was without her consent, was his means of interpreting the girl's statement, in German, that she had been ravished. However this may be, we think that, if the daughter said to her father that defendant had had intercourse with her without her consent, this would not be giving the particulars of the act complained of, but would be another form of expression used to convey the thought that she had been ravished.

IV. The court charged the jury that they might consider the fact that prosecutrix made complaint in corroboration of her testimony, and this is complained of. We think the instruction was correct. The very object of this kind of testimony is to confirm and corroborate the prosecuting witness.

V. The court also charged that the defendant might be convicted of an assault to commit rape although the prosecuting witness was not corroborated. This is in accord with the rule announced in *State v. Grossheim*, 79 Iowa, 77, 44 N. W. Rep. 541; *State v. Montgomery*, 79 Iowa, 737, 45 N. W. Rep. 292. Other instructions are complained of, but we see no error, either in the ones complained of or in any of those given.

VI. Lastly, it is insisted that the testimony is insufficient to sustain the verdict. We have read the entire record, which is presented to us in typewriting, and feel abidingly satisfied that, if the prosecuting witness is to be believed, the verdict is not only sustained by the testimony, but that no other could well have been returned. The jury had the right to accept her testimony, notwithstanding some of the discrepancies appearing upon the face of it; and that they did believe her is evidenced by the verdict returned. It would serve no useful purpose to set out the evidence in this opinion. It is sufficient to say that it supports the verdict.

We have examined the whole record, and find no prejudicial error, and the judgment is AFFIRMED.