STATE OF IOWA v. L. E. WHITE, Appellant.

**Evidence of Forgery:** REVIEW ON APPEAL. On trial for forgery, defendant testified that, while he was agent for a sewing machine company, he agreed to deliver to a certain person a new sewing machine in exchange for her old one and her note for twenty-five dollars; that he did not then have a suitable blank upon which to make said note; and that said person then authorized him to make out said note when he procured such blank. Defendant's wife testified fully to such agreement, and her testimony was partially corroborated by two other apparently disinterested witnesses. Said person denied said agreement, and, though she never received said machine, it appeared, that soon after the alleged agreement, she went to a distant part of the country, and there was evidence that defendant procured a new machine from the company to deliver to said person after she had gone away. *Held,* that a

conviction of forging said note was against the clear weight of the evidence.

INDICTMENT. An indictment for forgery which sets out substantially the note alleged to have been forged, and alleges that it has been withheld from the grand jury by the act or procurement of the defendant, is sufficient under McClain's Code, section 5696, which provides that where an instrument which is the subject of an indictment has been so withheld, and is so alleged to have been withheld, a mis-description of it is immaterial.

Change of Venue. Under McClain's Code, section 5759, giving the court discretion, it is not error, in a prosecution for forgery, to refuse to grant defendant's motion to change the venue on the ground of prejudice of the people, though it was supported by the uncontroverted affidavits of himself and two other citizens, where, on a former trial, the jury failed to agree, and the motion was made three days before the case was for trial, and soon after motion for continuance had been overruled.

Continuance. Refusal to grant a continuance of a criminal prosecution tried on January 11, on the ground that the defendant had been quarantined in his house from December 3 to December 31, is not erroneous, where the cause had been once tried early in November, resulting in a disagreement of the jury, and both the defendant and his attorney were familiar with the case, and had time for all the preparation required.

*Appeal from Warren District Court.*—HON. J. H. HENDERSON, Judge.

TUESDAY, MAY 19, 1896.

THE defendant was indicted, tried for, and convicted of, the crime of forgery, and adjudged to be imprisoned in the penitentiary for one year. From this judgment he appeals.—*Reversed.*

*H. McNeil* for appellant.

*Milton Remley,* attorney general, and *O. C. Brown* for the state.

GIVEN, J.—I. January 11, 1895, appellant's motion for a continuance was overruled, and this he assigns

as error.   There was no error in overruling this motion, as there was not a sufficient showing of diligence.   True, appellant has been detained at his home by an order quarantining his family, from December 3 to 31, 1894; but he had ample opportunity to prepare for this trial.   The case had been tried early in the preceding November, when appellant's present counsel aided in the defense.   It does not appear that any new phases had arisen to render preparation for trial difficult, nor that anything was required that could not have been readily done by appellant or his counsel, both of whom were familiar with the case before it was called for trial.

II.   Appellant's petition, filed January 14, 1895, for a change of venue on the ground of prejudice of the people, supported by his own and the affidavits of two other citizens, was denied, and of this he complains.   The petition alleges that "defendant cannot receive a fair and impartial trial in Warren county, Iowa, owing to the excitement, and owing to the prejudice against him in Warren county," and this the affiants state to be true as they verily believe.

No affidavits were filed in resistance, and appellant contends that the court was bound, under this showing, to grant the change.   Section 5759, McClain's Code, gives the court a discretion, and requires it to "decide the matter  *  *  * according to the very right of it."   The record shows that the crime charged was forging a promissory note for twenty-five dollars; that on the trial had in November, 1894, the jury failed to agree; that this motion was made soon after appellant's motion for a continuance had been overruled, and not until three days before the case was for trial. With this record before it, we cannot say the court abused its discretion in refusing a change of venue.

III.   Appellant urges in argument, that the indictment is defective, in that it "does not set out a copy

of the alleged forged instrument, or show any reason why it is not done." The indictment charges the forging of "a certain written instrument, commonly called a promissory note, substantially in the words and figures following, to-wit." Then follows an instrument in the form of a promissory note, for the payment of money, and the following: "And the grand jury aforesaid do now allege that the said false, fraudulent, and forged note has been, by the act or procurement of said defendant, withheld from the said grand jury, and that they are unable to more accurately or more particularly describe the same." It is provided in section 5696, McClain's Code, as follows: "When an instrument, which is the subject of an indictment, has been destroyed or withheld by the act or procurement of the defendant, and the fact of such destruction or withholding is alleged in the indictment and established on the trial, the misdescription of the instrument is immaterial." We have the required allegation in the indictment, and on the trial it was proven, beyond question, that the defendant withheld the instrument alleged to have been forged. The indictment is not defective in the respect claimed.

IV. Appellant's next contention is that the evidence is not sufficient to sustain the verdict, and, therefore the court erred in overruling that ground of his motion for a new trial. The following facts are undisputed or fairly shown by the evidence. Appellant was local agent for the Singer Manufacturing Company, at Indianola, Iowa, for the sale of sewing machines. A short time prior to November 8, 1893, he sold a second-hand sewing machine to one Alice Reynolds, then unmarried, and residing a short distance east of Indianola. For this machine Alice Reynolds paid a small sum in cash and gave her promissory note for twenty-five dollars, and received the

machine. The note alleged to be forged bears date
November 8, 1893, and is for twenty-five dollars, pay-
able on or before the first day of May, 1894, to the
order of the Singer Manufacturing Company, and
signed, "Alice Reynols." The claim of the state is
that appellant, without authority so to do, signed the
name "Alice Reynols" to this note, and forwarded it
to said company as a genuine note. There can be no
doubt, under the evidence, but that the defendant
did sign the name "Alice Reynols" to said note, and
returned it to said company as a genuine note; but
the question remains whether he did so without
authority. Appellant claims that, on November 8,
1893, it was agreed between him and Alice Reynolds
that he should deliver to her, at her home east of
Indianola, a new machine, which she then selected,
for the old machine and her promissory note to said
company for twenty-five dollars, he to receive the old
machine when he delivered the new one; that he did
not then have, at his place of business, where they
were, a suitable blank upon which to make said note,
and that Alice Reynolds then and there authorized
him to make out the note to said company for twenty-
five dollars, when he got a blank, to sign her name
thereto, and to send it to the company. The state
denies that any such agreement was ever made, or
that any such authority was ever given. Mrs. L. M.
White, wife of the defendant, who assisted him in his
business, testifies fully and explicity to just such an
agreement as is claimed by the defendant. As to
signing the note, she testifies as follows: "He said
he had no blank with him at that time in the
office, but he said he would go to the house and
get some. She said she was in a hurry,—did
not have time to wait; and she said to him to
fix out a note, sign her name to it, and send it to the
company, and it would be all right." Mrs. White is

corroborated to some extent by W. P. Bishop, who testifies that he saw Alice Reynolds at defendant's place of business some time between the first and tenth of November, 1893; that she and defendant talked about trading an old for a new machine, and giving a note for the difference; and that something was said about the blanks being at the house. George Bradberry testifies to being there next day after the November election, in 1893; that Alice Reynolds, Mr. and Mrs. White, and John Miller were there; that W. P. Bishop was in town, but not at White's office when he was, but might have been just before. He testifies that Mr. White and Alice Reynolds were talking about trading machines, and that a lady, whom he thinks was Alice Reynolds, told White "to fix up the note and papers, and send them in to the company, and to bring this machine out." Alice Reynolds, in her testimony, positively denies that there was ever any agreement between her and the defendant for an exchange of machines, or that she ever authorized him to sign her name to said note. Alice Reynolds was married in January, 1894, and is therefore spoken of in the records as Mrs. Garner. She admits that, after her marriage, she had a conversation with the defendant about exchanging machines, but denies that any agreement was reached. There is no dispute but that she was at defendant's place early in November, 1893, and complained of the old machine, and looked at and priced new machines. It is true the defendant never delivered the new machine; nor got the old one; but that is explained by the fact that Mrs. Garner left the place where she was living, near Indianola, soon after November 8, and went to a distant part of the county to stay, and did not return to the vicinity of Indianola until about March, 1894. The defendant introduced evidence tending to show that he had taken out a new machine

to deliver to Mrs. Garner after she had gone away. A number of other circumstances appear corroborative of the testimony of Mrs. White. The testimony of Mrs. Garner, *nee* Reynolds, as to the exchange of machines, and the authority to appellant to sign her name to the note, is in conflict with that of Mrs. White, Mr. Bishop, and Mr. Bradberry. It is true that Mrs. White is deeply interested in the result of this prosecution, and also true that Mrs. Garner, *nee* Reynolds, is also interested,—in a less degree, it may be, yet she evinces considerable feeling in her testimony. Bishop and Bradberry, so far as appears, are disinterested, and the veracity of neither is called in question. Though not present at the same time, each testifies to substantially the same kind of conversation between appellant and Mrs. Garner, and in substance as stated by Mrs. White. It is not unusual that, in the course of their bargaining, this conversation should have been repeated. In *State v. Wise*, 83 Iowa, 599 (50 N. W. Rep. 59), this court said: "The rule in such cases is different from that applied in civil cases. This court, though proceeding carefully and cautiously, will interfere in criminal cases more readily that in civil. We will not, in a criminal case, support a verdict, if it be against the clear weight of the evidence,"—citing cases. This announcement of the rule was adhered to in *State v. Pilkington*, 92 Iowa, 92 (60 N. W. Rep. 502). If Mrs. Garner, *nee* Reynolds, did authorize appellant to sign her name to the note alleged to have been forged, then he is not guilty of forgery in so doing. It seems to us quite clear that the weight of the evidence is in favor of the conclusion that appellant was authorized by Mrs. Garner to sign her name to said note, and, therefore, that the verdict is against the clear weight of the evidence.

V.   The correctness of the eighth and ninth paragraphs of the charge of the court is questioned.   We have examined them in the light of the argument, and discover no error in them.   It will serve no good purpose to extend this opinion by a discussion of the objections made to these instructions.   Other questions are discussed that will not arise on a retrial, and therefore do not require further notice.   For the error pointed out in the fourth paragraph, the judgment of the district court is REVERSED.