# IN THE COURT OF APPEALS OF IOWA

No. 19-1612
Filed December 16, 2020

STATE OF IOWA,
    Plaintiff-Appellee,

vs.

RICHARD OWEN BUSCH,
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Richard Busch appeals a sentence requiring him to register as a sex offender. **AFFIRMED.**

Alfredo Parrish and Gina Messamer of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Heard by Doyle, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

Richard Busch appeals a sentence requiring him to register as a sex offender. We affirm.

**I. Facts and Prior Proceedings**

In 2015, Busch shared a home with two roommates. One roommate, J.E., is the father of three children. The children would stay at the home sometimes.

It is undisputed that something inappropriate happened on the evening of December 16, 2015, when Busch was alone with one of the children, C.E. That night, C.E. told a sibling that Busch had sexually touched him as they watched television. C.E.'s sibling called their mother.

After a lengthy investigation, the State charged Busch with second-degree sexual abuse, a class "B" felony in violation of Iowa Code § 709.3(1)(b) (2015). The State alleged Busch had "commit[ted] sexual abuse upon C.E., a child under the age of twelve." Initially, Busch pled not guilty. His defense team engaged in extensive discovery. They deposed several witnesses, including C.E.

Ultimately, Bush filed a written guilty plea[1] to child endangerment in violation of Iowa Code section 726.6(1)(a),[2] which provides:

> 1. A person who is the parent, guardian, or person having custody or control over a child or a minor under the age of eighteen with a mental or physical disability, or a person who is a member of the household in which a child or such a minor resides, commits child endangerment when the person does any of the following:
>     a. Knowingly acts in a manner that creates a substantial risk to a child or minor's physical, mental or emotional health or safety.

---

[1] The document was entitled "Waiver of rights and plea of guilty." Technically, it was a request for the court to permit Busch to change his original plea of not guilty to a plea of guilty to the child-endangerment charge. *See* Iowa R. Crim. P. 2.8(2).

[2] Child endangerment in violation of Iowa Code section 726.6(1)(a) is an aggravated misdemeanor. *See* Iowa Code § 726.6(7).

Bush's written plea included this explanation of the plea agreement:

I will plead guilty to the amended charge of child endangerment. In exchange for my plea of guilty:

a. The State will amend and substitute the charge listed in the trial information which is Sexual Abuse in the Second Degree, a Class B Felony, in violation of Iowa Code § 709.3(1)(b);

b. The State of Iowa will argue for prison and placement on the Registry;

c. Mr. Busch will argue for a deferred judgment and/or suspended sentence and that he should not be placed on the Registry;

d. The State will keep open the option that if Mr. Busch is placed on the Registry, the State of Iowa will consider an agreement not to resist removal from the Registry if Mr. Busch can show he has been in compliance with all the terms and conditions of his probation; and

e. The partied [sic] agree to a pre-plea presentence investigation report.

We note the plea's mention of "the Registry." This refers to the sex offender registry governed by Iowa Code chapter 692A. Under section 692A.126(1)(v), a defendant convicted of child endangerment "shall be required to register" as a sex offender "[i]f a judge or jury makes a determination, beyond a reasonable doubt, that" the offense was "sexually motivated." In this case, Busch and the State agreed that the issue of sexual motivation would be determined by the judge at Busch's sentencing hearing.

Busch's written plea also included some admissions. In paragraph ten, Busch admitted: "The minutes of testimony as to the child endangerment offense are true to the extent necessary to support this guilty plea." In paragraph fourteen, Busch admitted:

On or about December 16, 2015, in Black Hawk County, Iowa, I, as a person who was a member of the household in which a minor resided, knowingly acted in a manner that created a substantial risk to C.E.'s physical, mental or emotional health or safety.

I have read the trial information and the minutes of testimony and acknowledge that they are substantially correct, and I ask the Court to find me guilty of the offense previously listed.

No witnesses were called at the sentencing hearing. Instead, by mutual agreement, the parties submitted evidence in the form of exhibits. The State offered Exhibits F and G, which were transcripts of C.E.'s deposition testimony. Both exhibits were admitted without objection. Busch also submitted exhibits, all of which were admitted without objection.

Counsel for the parties then provided the court with sentencing recommendations and supporting arguments. Busch addressed the court personally. And some victim impact statements were read.

Ultimately, the court adjudged Busch guilty of child endangerment[3] and sentenced him to prison. The court also addressed the question of whether Busch's actions were sexually motivated. The court said:

> On the child endangerment charge the court hereby finds beyond a reasonable doubt that your actions were sexually motivated in that matter. The court makes that determination based upon the minutes of testimony as shown by the testimony of [C.E.]. In particular the fact that this matter was reported immediately. He immediately contacted his [sibling] who contacted the mother. His statements have remained consistent throughout this matter as to what occurred on the night in question. Despite all of the matters that have come in in an attempt to mitigate his testimony, his testimony on those matters has remained consistent.
>       Also, given the fact that you have entered a plea of guilty to a child endangerment in which you state that you knowingly did an act in the manner that created substantial risk to his mental health, emotional state and safety, in those minutes there exists from the court's reading no other act which would have caused the type of emotional injury which was brought about in this matter.

---

[3] The court also adjudged Busch guilty of a separate domestic-abuse charge. Because it does not impact this appeal, we do not discuss it further.

The court therefore makes the determination that your acts were sexually motivated and that finding is beyond a reasonable doubt.

Busch now appeals the sentencing court's finding that his conduct was sexually motivated and the resulting registration requirement.

## II. Scope and Standard of Review

We typically review sentencing determinations for errors at law. *State v. Chapman*, 944 N.W.2d 864, 871 (Iowa 2020). And "[w]e will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* (citation omitted).

But when, as here, the appellant's challenge really raises "a sufficiency claim—whether the record contains sufficient evidence to support the district court's determination the offense was sexually motivated"—we review for substantial evidence. *Id.* "'Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational [fact finder] that the defendant is guilty beyond a reasonable doubt.' The [fact finder] is entitled to reject a party's evidence and credit the evidence against it." *See State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019) (citation omitted).

## III. Discussion[4]

Busch argues the State failed to prove beyond a reasonable doubt that his criminal conduct toward C.E. was sexually motivated. Busch claims the district

---

[4] Much of the briefing focused on whether recent statutory amendments prohibited Busch from appealing after he pled guilty. *See* 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(a)(3) (2020)). At oral argument, though, the State appropriately conceded that Busch's appeal is permissible under *State v. Damme*, 944 N.W.2d 98, 100–01 (Iowa 2020). We consider that issue resolved.

court erred in relying on the minutes of testimony[5] and "in its weighing of the evidence relating to C.E.'s credibility."

We begin with Busch's claim that the district court could not rely on the minutes of testimony. A "sentencing court" may "consider those facts contained in the minutes that are *admitted to* or otherwise established as true." *Chapman*, 944 N.W.2d at 872 (emphasis added) (quoting *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998)). As part of his written guilty plea to child endangerment, Busch admitted "[t]he minutes of testimony as to the child endangerment offense are true to the extent necessary to support this guilty plea." He also admitted—without qualification—that the minutes of testimony "are substantially correct." At a minimum, these admissions permitted the "sentencing court" to "consider those facts contained in the minutes" that were necessary to establish the elements of the crime to which Busch pled guilty. *Cf. id.* ("Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." (citation omitted)).

Busch pled guilty to child endangerment in violation of section 726.6(1)(a). Child endangerment under section 726.6(1)(a) can only be committed through a "[k]nowing[] act[ion] in a manner that creates a substantial risk to a child or minor's

---

[5] Iowa Rule of Criminal Procedure 2.5(3) uses the term "minutes of evidence." However, the prosecuting attorney captioned the relevant document "minutes of testimony." And the parties and the district court refer to the "minutes of testimony." The term "minutes of testimony" has long been used interchangeably with "minutes of evidence." *See, e.g.*, *State v. Wise*, 50 N.W. 59, 60 (Iowa 1891) (using "minutes of testimony" and "minutes of the evidence" interchangeably). So, although we note "minutes of evidence" is technically correct, we will refer to the "minutes of testimony" for readability purposes.

physical, mental or emotional health or safety." The minutes of testimony describe only one action by Busch—the touching of what C.E. referred to as his "private area"[6]—that could establish this element. As the district court put it, "in those minutes there exists . . . no other act" that could fulfill the requirements of section 726.6(1)(a). So we believe it was appropriate for the district court to rely on the minutes—which Busch admitted were "substantially correct"—to establish that Busch endangered C.E. by touching C.E.'s private area. And we also believe the minutes—together with Busch's admissions—supported the district court's conclusion that Busch's endangerment of C.E. was "sexually motivated," i.e., committed for "the purpose of" Busch's "sexual gratification." *See Chapman*, 944 N.W.2d at 871 ("'Sexually motivated' 'means that one of the purposes for commission of a crime is the purpose of sexual gratification of the perpetrator of the crime.'" (quoting Iowa Code §§ 229A.2(10), 692A.101(29) (2017))).

Busch raises two counter-arguments, one factual and one legal. On the factual front, Busch contends that because the minutes of testimony *also* describe a *non-sexual* act of child endangerment, the district court should not have relied on the *sexual* act (the touching of C.E.'s "private area") described in the minutes. Specifically, Busch's brief suggests that, rather than sexually touching C.E., Busch actually "grabbed C.E. by the back of the neck and roughly placed him in his bedroom when he refused to go to bed." But Busch's brief does not explain where—in the minutes of testimony—the district court could have found any

---

[6] We see no reason to provide more detail. To be clear, however, nothing in the record suggests a non-sexual reason—such as a medical need—for Busch to touch C.E.'s private area. Busch does not contend otherwise.

mention of this non-sexual mistreatment. Although Busch's brief cites the sentencing transcript and a sentencing exhibit, neither item was included in the minutes of testimony.

At oral argument, though, Busch drew our attention to page fifty-seven of the confidential appendix, which contained portions of the minutes. There, we found part of a letter from Busch's counsel to the Black Hawk County Attorney's Office. Through the letter, counsel provided the County Attorney with Busch's version of events. According to Busch's version: (1) Busch asked C.E. to go to bed in C.E.'s father's room; (2) C.E. refused to comply—and even swore at Busch; (3) Busch then "indicated" to C.E. "that he would discipline him if he swore at him" again—"but," Busch admits, "since he was not [C.E.'s] father[,] there was not much he could do"; (4) Busch "tried to get [C.E.] off the couch but he would not move"; (5) so, ultimately, Busch "ended up physically holding [C.E.] and taking [C.E.] into [C.E.'s] father's room so [C.E.] could go to bed."

So far as we can tell, this version of events does not admit any criminal behavior. We certainly do not believe it admits that Busch "[k]nowingly act[ed] in a manner that create[d] a substantial risk to [C.E.'s] physical, mental or emotional health or safety" as required by section 726.6(1)(a).

Rather, so far as the minutes of testimony revealed, Busch's touching of C.E.'s private area was *the only action* that met the requirements of section 726.6(1)(a). And so the minutes of testimony, together with Busch's admissions, supported the district court's conclusion that Busch's act of child endangerment was sexually motivated.

But Busch contends the supreme court's decision in *Chapman* prohibits courts from relying on the minutes of testimony to find sexual motivation.[7] We acknowledge *Chapman*'s holding that when a defendant enters an *Alford*[8] plea—and, therefore, maintains their "position that [they] did not commit the underlying offense"—"the district court [sh]ould not consider facts identified only in the minutes of testimony in determining whether [the defendant's] criminal conduct was sexually motivated." *Chapman*, 944 N.W.2d at 874; *see also id.* at 877 (confirming "that the minutes of testimony may not be considered in determining whether a defendant's offense was sexually motivated where the defendant has entered an *Alford* plea"). We also acknowledge *Chapman*'s admonition that, even when the defendant enters a "straight guilty plea," the "minutes, *alone*" cannot "be used to support sex offender registration." *Id.* at 873 n.2 (emphasis added). But *Chapman* also teaches that, "to the extent a defendant making a straight [guilty] plea admits any of the facts contained in the minutes in establishing the factual basis for the plea, those admissions could be considered for purposes of sex offender registration." *Id.*

Here, Busch did not enter an *Alford* plea. Instead, he made a straight guilty plea. As part of that plea, Busch admitted the minutes of testimony "are substantially correct." So we believe that—even after *Chapman*—the facts described in the minutes "could be considered for purposes of sex offender registration." *Id.*

---

[7] The supreme court issued its decision in *Chapman* after the parties' briefs were filed but before oral argument.
[8] *North Carolina v. Alford*, 400 U.S. 25 (1970).

Moreover, even if Busch had made no admissions, the sentencing court could still "consider those facts contained in the minutes that are . . . *otherwise established as true.*" *Id.* at 872 (emphasis added) (citation omitted). And Busch's touching of C.E.'s private area was "otherwise established as true." It was "established as true" through a transcript of C.E.'s deposition testimony, which the sentencing court received without objection.[9] In his testimony, C.E. described the same touching of his "private area" that the minutes depict. C.E.'s deposition testimony, on its own, constituted substantial evidence to support the district court's finding of sexual motivation.[10] *See State v. Rodriguez*, No. 15-1002, 2016 WL 4051696, at *1 (Iowa Ct. App. July 27, 2016) (affirming district court conclusion that victim testimony and other evidence established beyond a reasonable doubt that the offense was sexually motivated).

But Busch claims the court should not have believed C.E. because C.E. is a troubled child who often does not tell the truth. And Busch provides some

---

[9] At oral argument, Busch suggested the sentencing court should not have considered the transcripts of C.E.'s deposition. Instead, Busch suggested, the sentencing court should have required C.E. to testify in person so that Busch would have a chance to cross examine C.E. But these issues were not preserved below. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Rather, when the state offered C.E.'s deposition transcripts at the sentencing hearing, defense counsel said there was "no objection." Counsel added that it had been "part of the plea agreement" that each side would submit exhibits at sentencing. And counsel never complained about C.E.'s absence from the hearing or the defense's inability to cross-examine C.E. We note also that it was defense counsel—not the State—who elicited C.E.'s deposition testimony that Busch had touched C.E.'s private area.

[10] The State notes: "The defendant essentially concedes that [C.E.'s deposition testimony] supported the district court's finding by only arguing that the district court should not have believed C.E." We think this is a fair characterization of the briefing.

support for his assertions.  But the sentencing court had discretion to determine what evidence it found more credible.  And the court chose C.E.'s versions of events, noting C.E.'s quick reporting and the consistency of C.E.'s reports over time as evidence of C.E.'s truthfulness concerning these events.  We find no grounds to second-guess this determination.

**IV. Conclusion**

Substantial evidence supports the sentencing court's determination that Busch's conduct was sexually motivated.

**AFFIRMED.**