STATE v. RODMAN.

1. **Criminal Evidence:** COMPETENCY OF WITNESS NOT BEFORE GRAND JURY. Section 5, chapter 130, Acts of Eighteenth General Assembly, provides that an indictment may be found by the grand jury upon the minutes of the testimony duly taken, reduced to writing, and returned to the court by the committing magistrate; and this enactment so far supersedes section 4421 of the Code as to render a witness, whose testimony has been properly taken and returned by the magistrate, and whose name has been placed upon the indictment, competent to testify upon the trial, without having testified before the grand jury.

2. ————: FAILURE OF DEFENDANT TO PRODUCE TESTIMONY: PRESUMPTION. Where a defendant in a criminal case fails to produce testimony which is within his power, but not accessible to the state, to explain facts estab-

lished by the state against him, the jury is warranted in inferring that such testimony, if produced, would be against him; but this does not mean that the failure of the defendant to testify in his own behalf is to be taken as proof of his guilt.

3. ———: ATTEMPT TO ESCAPE: CONTRADICTORY STATEMENTS. Where defendant was charged with larceny, the facts that he had attempted to escape, and that he had made contradictory statements as to how he had come into possession of the property, tended, if proved, to show his guilt; and the jury was properly instructed to that effect.

4. ———: GOOD CHARACTER. Evidence of good character avails for the defendant, whether the evidence of his guilt be direct or circumstantial; and an instruction, though asked by defendant, that such evidence avails only as against circumstantial evidence, was properly refused.

5. ———: LARCENY: PRIMA FACIE CASE SUPPORTS VERDICT. In a larceny case, a verdict of guilty will not be set aside on the ground that the fact of the larceny was not sufficiently proved, when the evidence made at least a *prima facie* case of larceny.

*Appeal from Poweshiek District Court.*

WEDNESDAY, DECEMBER 12.

DEFENDANT was convicted of the larceny of a horse, and sentenced to the penitentiary for three years. He now appeals to this court.

*Redman, Carr & Farmer* and *Stivers & Louthan*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, J.—I. The indictment in the case was found upon the evidence contained in the minutes of the testimony taken by a magistrate, by whom the defendant was committed for the offense for which he was indicted. Upon the trial, the defendant objected to the testimony of a witness whose name was indorsed upon the indictment, upon the ground that he had not testified before the grand jury. The objection was overruled and this action of the district court constitutes the first ground of objection urged upon our attention.

1. CRIMINAL evidence: competency of witness not before grand jury.

Code, § 4421, provides that in a criminal case the state cannot introduce a witness against defendant who was not examined before the grand jury, and the minutes of whose evidence there given was not presented with the indictment. Section 5, Chapter 130, Acts Eighteenth General Assembly, (Miller's Code § 4289,) provides that an indictment may be found by the grand jury upon the minutes of the testimony taken, reduced to writing and returned to the district court, as required by Code, § § 4241, 4242, 4253, .and witnesses need not be personally examined before the grand jury. This enactment supersedes Code, § 4421, so far as it requires a witness, whose testimony has been reduced to writing and returned by the committing magistrate, to be personally examined before the grand jury. The written examination takes the place of the oral testimony. So far Code, § 4421, is modified by the subsequent statute.

II. Counsel of defendant complain of an instruction, on the ground that it holds that the failure of defendant to testify in his own behalf should be taken as proof of his guilt. No instruction to this effect was given. The objection under consideration is based upon a misconstruction of the familiar rule, presented in an instruction, to the effect that, if defendant failed to introduce proof which he ought to have done, explaining facts or circumstances established by the evidence which operated against him, it is a circumstance to be considered in reaching a conclusion as to his guilt, and that, if evidence within the power of the defendant, and not accessible to the state, is withheld by the defendant, the jury are authorized to infer that, if produced, it would be against defendant. This instruction could not have been understood by the jury to apply to his failure to testify in his own behalf.

2. ——: failure of defendant to produce testimony: presumption.

III. The court instructed the jury that an attempt by defendant to escape while held in custody for the offense, if found from the evidence, should be considered as tending to establish guilt, and that contradictory statements as to the manner of the acquisition of

3. ——: attempt to escape: contradictory statements.

the possession of the property, if proved, should have the same effect. Counsel insist that these instructions authorize the jury to consider the facts contemplated therein as evidence of the larceny—that the property was stolen. They could not have been so understood by the jury. Indeed, the one fact referred to explicitly directs the jury that they must first find that a larceny had been committed, before considering the evidence relating to the attempted escape.

IV.  The defendant introduced evidence tending to show that he sustained a good character. He asked an instruction applicable to this testimony, to the effect that proof of good character avails only when circumstances are relied upon to establish guilt, and that, if they are "in doubt," a presumption is raised that defendant would not have committed the crime. The instruction was properly refused. It is really unfavorable to defendant. Good character avails, whether the evidence be direct or circumstantial. *State v. Kinley*, 43 Iowa, 294. And, if the circumstances relied upon are "in doubt," a reasonable doubt of defendant's guilt existing, the jury should acquit without evidence of defendant's good·character.

4. ——: good character.

The district court by a correct instruction directed the jury to consider the evidence of good character, and to give to it such weight as they thought it entitled to receive.

V.  It is insisted that the evidence fails to support the verdict, in that it is not shown that the horse in question was stolen. The evidence shows that the horse was put in a stable at night and next morning was gone. Counsel insist that, as the evidence fails to show that the animal was secured in the stable, it might have escaped. The evidence, as counsel argue, fails in not showing that the horse was in some manner "fastened in the stable." The evidence shows *prima facie*, at least, that the animal was stolen. If it was not "fastened in the stable," defendant could readily have shown it. But he elicted no evidence upon the point. We think upon all the evidence that

5. ——: prima facie case supports verdict.

the verdict of the jury is sufficiently supported. We have considered all questions raised in this case. The judgment of the district court must be

AFFIRMED.