## MASON v. THE STATE OF INDIANA.

### [No. 21,223. Filed October 14, 1908.]

1. LARCENY.—*Corpus Delicti.—Evidence.—Possession of Stolen Property.*—The *corpus delicti* in larceny may be proved by circumstantial evidence; and while the unexplained possession of another's property is not sufficient to establish larceny, such fact together with the circumstances may be sufficient. p. 80.

2. SAME.—*Evidence.—Taking Without Consent.—Intent.*—The disappearance of a ring from a locked trunk, without the owner's knowledge or consent, shows a taking with felonious intent. p. 81.

3. EVIDENCE.—*Unexplained Possession of Stolen Property.—Larceny.*—The unexplained exclusive possession of stolen property soon after the larceny is sufficient to sustain a conviction. p. 81.

4. LARCENY. — *Possession. — Evidence.—Explanations.—Reasonable Doubt.*—Evidence in explanation of defendant's possession of stolen property is admissible, and if upon the whole evidence there is a reasonable doubt of defendant's guilt, he is entitled to an acquittal, the jury being the sole judge of the weight of the evidence. p. 82.

5. EVIDENCE.—*Possession of Stolen Property.—Place.—Time.*—Evidence that defendant denied any knowledge of the stolen ring which he had in his possession, that he was near the place where the ring was stolen, and when it was stolen, is admissible in determining whether his possession was referable to a criminal origin. p. 82.

6. APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence. p. 83.

7. EVIDENCE.—*Declarations.—Self-Serving.—Res Gestae.—Larceny.*—Acts, statements and conduct of a defendant at the time certain stolen goods were found in his possession, or when his right was first questioned, are admissible in evidence, as a part of the *res gestae*, on a charge against him for the larceny thereof. p. 84.

8. SAME. — *Declarations. — Self-Serving. — Res Gestae.—Design.—Larceny.*—Where defendant on being asked about a stolen ring in his possession denied any knowledge thereof, his subsequent declarations and conduct in explanation thereof are not admissible in evidence in his behalf, since they are open to the charge of being designedly made. p. 84.

From Orange Circuit Court; *Thomas B. Buskirk*, Judge.

Prosecution by The State of Indiana against Arthur Mason. From a judgment of conviction, defendant appeals. *Affirmed.*

*Perry McCart,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *H. M. Dowling,* for the State.

MONKS, J.—This is an appeal from a judgment against appellant on the charge of grand larceny. The property alleged to have been stolen was a diamond ring of the value of $300. The only error assigned is the overruling of appellant's motion for a new trial.

The first and second causes assigned are: That the finding of the court is contrary to the evidence; and that the finding of the court is contrary to the law.

It appears from the evidence that the prosecuting witness, who was matron of a hotel at French Lick, in Orange county, Indiana, owned a diamond ring of the value of $300. That before 7 o'clock a. m., on June 9, 1907, she went to West Baden, about a mile from French Lick. Said ring was in her trunk in her room on the third floor of the hotel, and the room and trunk were locked when she left that morning. She saw appellant, who was an employe of the hotel, sweeping in the hall near her room. She remained in West Baden an hour or two, and when she returned to the hotel she looked for the ring, and it was not in the trunk. The same was taken without her knowledge or consent. About noon of that day—Sunday, June 9, 1907—appellant gave said ring to his brother, saying that he found it, and asked him to let him have some money on it. His brother told him that he did not have the money, but would have it in a day or two, and appellant left the ring with him. The prosecuting witness, after she could not find the ring in her trunk, employed one Jones to recover it. After the employment of Jones, and before he recovered the ring, he had a conversation with appellant about the ring's being taken. Appellant said he knew nothing about it, further than that he had heard that the prosecuting witness said that she had lost a ring. He also said that he had not stolen any ring.

After appellant's brother received the ring he gave it to one Shuck, who resided at West Baden. About one week after the ring disappeared, Jones, the agent of the prosecuting witness, went with appellant's brother, and Jones waited on the corner of a street in West Baden until appellant's brother came back with the ring, which was returned to him by Shuck. Jones paid appellant's brother $25 when he received the ring from him. Said brother, before the trial, paid back to Jones all the money paid by him, except $7.

Appellant testified in his own behalf that he found the ring on June 9, while cleaning the hall; that he gave it to his brother; that he had not pawned it to him nor asked him to pawn it to anybody else; that he found the ring in the carpet-sweeper when he cleaned the sweeper; that he never opened the trunk of the prosecuting witness, and never took the ring or anything else from her or from her room; that after he found the ring he learned that the prosecuting witness had lost a ring, and he took steps to have the ring exhibited to her, so she might see whether it was the ring she claimed to have lost.

Counsel for appellant insists that there was no proof that "said ring was stolen," and "therefore no presumption of appellant's guilt arose from the possession of the ring."

The *corpus delicti* in larceny, like other facts in general, may be established by circumstantial evidence. While the unexplained possession by one person of the goods of

1.   another is not of itself sufficient to prove that a larceny had been committed, yet such fact, in connection with the other circumstances, may be sufficient for that purpose. 18 Am. and Eng. Ency. Law (2d ed.), 486, 487; *Reg.* v. *Burton* (1854), 6 Cox C. C. 293, Dears C. C. 282, 18 Jur. 157, 2 W. R. 230, 23 L. J. M. C. 52; *Reg.* v. *Mockford* (1868), 11 Cox C. C. 16, 17 L. T. N. S. 582; *State* v. *Clark* (1850), 4 Strob. (S. C.) 311.

Said evidence showed that the ring disappeared from the

trunk, where the prosecuting witness had put it and kept it, without her knowledge or consent. This, it is said, 2. "shows that it was taken with felonious intent." 18 Am. and Eng. Ency. Law (2d ed.), 483, note 5; 2 Russell, Crimes (6th ed.), pp. 287, 288; 1 McClain, Crim. Law, §612; *Johnson* v. *State* (1872), 47 Ala. 62; *Colquitt* v. *State* (1878), 61 Ala. 48; *Kemp* v. *State* (1889), 89 Ala. 52, 7 South. 413; *Roberts* v. *State* (1878), 61 Ala. 401; *Reg.* v. *Burton, supra; Reg.* v. *Mockford, supra; State* v. *Rodman* (1883), 62 Iowa 456, 17 N. W. 663; *Territory* v. *Doyle* (1887), 7 Mont. 245, 14 Pac. 671; *People* v. *Davis* (1892), 19 N. Y. Supp. 781; *People* v. *Davis* (1892), 135 N. Y. 646, 32 N. E. 646; *Smiley* v. *State* (1881), 66 Ga. 754; *Murray* v. *State* (1904), (Miss.) 36 South. 541; *Smith* v. *State* (1903), (Tex. Crim.) 75 S. W. 298. It is said in 1 McClain, Crim. Law, §612: "But the *corpus delicti* need not be shown by direct evidence; that is, there need not necessarily be proof of loss of property by theft, distinct from the facts showing that property found in the defendant's possession was wrongfully taken from the owner thereof. Proof of the act is not necessary where the circumstances can only be explained by a felonious act."

The evidence shows that appellant gave the ring to his brother about noon of the day it disappeared from the trunk of the prosecuting witness, so that he had possession 3. of the ring within a few hours after it was missed from the trunk. After he had found the ring and had given it to his brother, he admitted, in a conversation with Jones, the agent of the owner of the ring, that he had heard the prosecuting witness say that she had lost a ring, and that he knew of its disappearance, but instead of saying that he found it and gave it to his brother, as he testified at the trial, he denied all knowledge of it. This statement, that he knew nothing about the ring, was false. In this State it has been held that the exclusive possession of stolen property soon after the larceny, if unexplained, is sufficient

to sustain a conviction. *Campbell* v. *State* (1898), 150 Ind. 74, and cases cited; *Johnson* v. *State* (1897), 148 Ind. 522, 524, 525, and cases cited; *Blaker* v. *State* (1892), 130 Ind. 203, 205-207, and cases cited; Gillett, Crim. Law (2d ed.), §553. See, also, 18 Am. and Eng. Ency. Law (2d ed.), 483-487; 1 McClain, Crim. Law, §§616, 617, 619, 620; 1 Roscoe, Crim. Ev. (8th Am. ed.), *20-*22; 8 Ency. Ev., 92-105, and notes; Hammon, Evidence, pp. 366-368; Underhill, Crim. Ev., §§299, 300.

Evidence tending to show innocence or in explanation of such possession consistent with his innocence may be given by the accused; and if, upon the whole evidence, there is a reasonable doubt of his guilt he should be acquitted. *Blaker* v. *State, supra,* and cases cited; *Hall* v. *State* (1856), 8 Ind. 439, 441, 442; Underhill, Crim. Ev., §301; 1 McClain, Crim. Law, §§617, 618; 18 Am. and Eng. Ency. Law (2d ed.), 490-493; .Hammon, Evidence, pp. 370-372. The jury or, if tried by the court, the court is the sole judge as to whether the explanation or other evidence given by or on behalf of the accused is sufficient to raise a reasonable doubt of his guilt. 18 Am. and Eng. Ency. Law (2d ed.), 491, 492; Hammon, Evidence, p. 367; *Leslie* v. *State* (1895), 35 Fla. 171, 178, 179, 17 South. 555; *State* v. *Brown* (1868), 25 Iowa 561, 565, 566; *Cosby* v. *Commonwealth* (1891), 12 Ky. Law 982, 16 S. W. 88; *Commonwealth* v. *Randall* (1875), 119 Mass. 107.

The denial by the appellant of any knowledge of the ring, which was. false, and the fact that he was near the place where the theft was committed at or about the time of its commission, and the other circumstances in evidence were proper matters to be considered by the court in determining whether appellant's possession of the ring was referable only to a criminal origin. Wharton, Crim. Ev. (9th ed.), p. 665, note. In Wills, Circumstantial Ev. (5th Eng. ed., notes by Beers & Corbin), p. 80, it is said: "It is seldom, however, that juries are required to determine

upon the effect of evidence of the mere recent possession of stolen property; from the very nature of the case, the fact is generally accompanied by other corroborative or explanatory circumstances of presumption. If the party have secreted the property,—if he deny that it is in his possession, and such denial be discovered to be false,—if he cannot show how he became possessed of it,—if he give false, incredible, or inconsistent accounts of the manner in which he acquired it, as that he found it, or that it had been given or sold to him by a stranger, or left at his house,—if he have disposed of or attempted to dispose of it at an unreasonably low price,—if he have absconded or endeavored to escape from justice,—if other stolen property, or housebreaking tools, or other instruments of crime be found in his possession,—if he were seen near the spot at or about the time when the act was committed,—or if any article belonging to him be found at or near the place where the theft was committed, at or about the time of the commission of the offense,—if the impressions of his shoes or other articles of apparel correspond with marks left by the thieves,—if he have attempted to obliterate from the articles in question marks of identity, or to tamper with the parties or the officers of justice,— these, and all like circumstances, are justly considered as throwing light upon and explaining the fact of possession, and render it morally certain that such possession can be referable only to a criminal origin, and cannot otherwise be rationally accounted for.'' Under the authorities cited we cannot say that the court below was not authorized to find as it did, that the ring of the prosecuting witness was stolen, and that the appellant committed the larceny.

It is clear that the question presented by the first and second causes for a new trial was one of fact only, and the same is not open to review here, for the reason

6. that we cannot weigh the testimony. *Lee* v. *State* (1901), 156 Ind. 541, 546, and cases cited; *Conrad* v. *Hansen* (1908), *ante,* 43.

Appellant testified as a witness in his own behalf, and was asked by his counsel: "What steps, if any, did you take to have this ring shown to Miss Hudson [prosecuting witness] for identification?" This question was objected to by the State. Counsel for the appellant then made the following offer to prove: "Offered to prove by the witness that he [the defendant] went to his brother, William Mason, and demanded of him that he return the ring, and, on being notified that he had let some other party have the ring, the defendant then demanded of his said brother that he at once recover possession of the ring, and that he return it to him at the Brown hotel, and permit Miss Hudson to see whether it was her property, and if it was, that the ring be returned to her possession." The court excluded said testimony, to which appellant excepted. This ruling of the court was assigned as a cause for a new trial.

It is a general rule that the defendant cannot give his own declarations or acts in evidence, but this rule is otherwise if the statements or acts are a part of the res

7. gestae. Acts, statements and conduct at the time the stolen goods were found in his possession, or when his right to them was first drawn in question, are proper evidence. Gillett, Crim. Law (2d ed.), §868.

It is said in Wharton, Crim. Ev. (9th ed.), §691: "It is not, however, necessary that such declarations, to be a part of the res gestae, should be precisely concurrent with

8. the act under trial; it is enough if they spring from it, and are made under circumstances which preclude the idea of design. The test is, were the declarations the facts talking through the party, or the party's talk about the facts. * * * Hence, a defendant's explanations, immediately upon stolen goods being found in his possession, are admissible, and so are the defendant's utterances, when his right was first called in question, as well as those made at the commission of the offense charged. But when the declarations are distinguishable in point of time, or are

open to the suspicion of being part of the defendant's plan of defense, they must be ruled out."

It is said in Gillett, Indirect and Collat. Ev., §287 : "A person who is charged with larceny may explain the circumstances of his possession, by showing the negotiation under which he obtained the property. And he may also show his declarations when found in such possession. The act of coming into the possession of stolen property, and being found in such possession (from either of which a presumption may arise that such possessor is the thief), are acts of an equivocal character, which the defendant is entitled to explain by his contemporaneous declarations, but the weight of authority excludes his declarations in the meantime, for the reason that the defendant is not especially called on to explain his possession in the interim, and, since such explanation is as likely to be born out of a calculating policy on the part of the defendant as otherwise, it is deemed best to exclude the declaration."

The evidence shows that appellant, when first asked about the ring, made a false statement when he denied all knowledge of it. It is not shown in the offer to prove, or the question asked, when he took the steps mentioned. It may have been, and the trial court, under the evidence considered in connection with said question and offer to prove, was authorized to assume that it was, after he had denied any knowledge of the ring, and after he knew that the prosecuting witness had employed a person to recover the ring. Said declarations and acts of the appellant were therefore clearly "open to the suspicion of being a part of his plan of defense." It is evident under the cited authorities that the court did not err in excluding said testimony. *State* v. *Waters* (1897), 139 Mo. 539, 544, 41 S. W. 221; *Henderson* v. *State* (1881), 70 Ala. 23, 45 Am. Rep. 72, and authorities cited.

Judgment affirmed.