## WALDON v. STATE OF INDIANA.

[No. 22,457.   Filed February 25, 1914.   Rehearing denied June 24, 1914.]

1. LARCENY.—*Trial.*—*Instructions.*—*Conspiracy.*—In a prosecution for grand larceny, an instruction that the charge in the indictment, that the defendant feloniously took and carried away the money, as well as each of the other material averments, could be established by either direct or circumstantial evidence, that if the evidence fairly showed that defendant conferred with other persons and united and combined with them for the purpose of feloniously taking and stealing same, and in furtherance of such purpose such other persons violently jostled, shoved and jammed against the person to whom the money belonged, and that during the commotion the defendant, or any of the parties to the combination took the money in furtherance of such combination, the defendant should not be acquitted on the ground of a failure of the proof to show that he was the person who actually took the money, but that the act of each party to such a combination in furtherance thereof is chargeable to all of them alike, was a correct statement of the law.   p. 113.

2. LARCENY. — *Possession of Stolen Goods.* — *Presumptions.* — *Instructions.*—In a prosecution for larceny, an instruction was not erroneous which told the jury that if it found to the exclusion of every reasonable doubt that the money had been stolen and was shortly afterwards found in the exclusive possession of defendant, the burden was upon him to explain such possession, and that in the absence of a satisfactory explanation a presumption of fact that he stole the money would arise, which might be sufficient to warrant a finding of guilty, if all the other material averments of the indictment had been proved to the exclusion of any reasonable doubt.   p. 115.

3. APPEAL.—*Review.*—*Refusal of Instructions.*—There was no error in the refusal of requested instructions where, in so far as

they correctly stated the law, they were fully covered by instructions given. p. 115.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Prosecution by the State of Indiana against William Waldon. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Woodfin D. Robinson* and *William E. Stilwell,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

SPENCER, J.—Appellant was tried and convicted of grand larceny. On appeal he has assigned error in overruling his motion for a new trial and under this assignment insists that the court erred in giving to the jury on its own motion instructions Nos. 10 and 11, and in refusing to give instructions Nos. 5, 10 and 17 tendered by appellant.

Instruction No. 11 given by the court reads as follows: "The charge in the indictment that the defendant William Waldon feloniously took and carried away the money, as well as each of the other material averments in the indictment, may be established by either direct or circumstantial evidence. If the evidence fairly shows that the defendant, Waldon, while traveling on an east bound passenger train on the Southern railway, and soon after leaving Mt. Carmel, Illinois, on the day named, observed that one Oscar Hochmeister had in his possession a large amount of money, bills and notes, which circulate as money, the money mentioned in the indictment, that thereupon the defendant conferred with other persons and united and combined with such other persons for the purpose of feloniously taking and stealing said money from the said Hochmeister, when opportunity offered; that pursuant to and in furtherance of such unlawful purpose the other persons engaged in such unlawful combination on the approach

of said train to this city, and while in this county, said other parties under pretence of making ready to alight from said train created a commotion among the passengers who were preparing to alight from the train, by violently jostling, shoving and jamming against the said Hochmeister, that the defendant Waldon was following close to said Hochmeister for the purpose of aiding and abetting said unlawful scheme and while during said commotion the defendant, or any one of the parties engaged in such unlawful combination, and in furtherance thereof, feloniously took and carried away the wallet containing said money from the said Hochmeister, in the view of the case here suggested the defendant should not be acquitted on the ground of a failure of the proof to show that the defendant, Waldon, is the person who actually took the wallet containing the money from the pocket of the said Hochmeister. The law is that where two or more persons unite and combine for the purpose of committing a larceny, such as feloniously stealing and carrying away the money of another person, the acts of each one of the parties in furtherance of and in carrying out the purposes of such unlawful combination, is chargeable to all of them alike.''

It is appellant's contention that this instruction tells the jury that if the evidence fairly shows certain facts it could not acquit the accused, but we can not agree that it is to be so construed. It rather tells the jury, in effect, that if it should find that appellant was one of the conspirators in the taking of the money, it could not acquit him on the ground that he did not take the money from the prosecuting witness personally; in other words, that the act of the coconspirator in taking the money was the act of appellant. This is the law. *Eacock* v. *State* (1907), 169 Ind. 488, 503; *Musser* v. *State* (1901), 157 Ind. 423, 433.

Instruction No. 10 given by the court told the jury that if it found from the evidence ''to the exclusion of any reasonable doubt that the money described in the indictment

was stolen and that such stolen property was found

2. in the exclusive possession of the defendant within a short time after the larceny was perpetrated, such possession imposes on the defendant the duty and burden of explaining his possession of such money; and if he has failed to satisfactorily account as to how he came by the stolen property this would raise a presumption of fact that the defendant stole the money and this presumption may be strong enough to justify you in finding him guilty; if all the other material averments in the indictment have been proven to be true to the exclusion of any reasonable doubt.'' This instruction is supported by the following authorities: *Mason* v. *State* (1908), 171 Ind. 78, 81, 16 Ann. Cas. 1212; *Campbell* v. *State* (1898), 150 Ind. 74; *Johnson* v. *State* (1897), 148 Ind. 522, 524; *Blaker* v. *State* (1892), 130 Ind. 203, 205, and cases cited.

We deem it unnecessary to set out herein even the substance of the instructions tendered by appellant and refused

3. by the court. Most of them properly stated the law but, so far as correct, they were fully covered by the instructions given. The trial court was not required to reiterate the several propositions of law applicable to the case nor to adopt the language used by counsel for appellant. The instructions given were clear and stated the law with fairness, and there is no contention that the verdict of the jury was not warranted by the evidence.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 300. As to the possession of recently stolen property as evidence of larceny, see 12 L. R. A. (N. S.) 199. As to evidence competent against conspirators, see 3 Am. St. 482. See, also, under (1) 25 Cyc. 142; (2) 25 Cyc. 152, 151; (3) 38 Cyc. 1711.