PEOPLE, PLAINTIFF AND APPELLEE, v. VILLEGAS, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in
a Prosecution for Larceny.

No. 1188.—Decided November 27, 1917.

LARCENY—FINDING LOST ARTICLES.—In this case the complainant lost a number of
    ducks and reported the fact to the police. Later he found three of the ducks
    in the possession of another person who had purchased them from the defend-
    ant. He identified the ducks as one of them had a mark and the others were
    of a similar race. The complainant and a policeman testified that the defend-
    ant told them that he had found the ducks in a brook and thought that they
    were wild ducks. The defendant took the witness stand and denied that he
    had made such statements and insisted that he had bought three duck eggs
    from a boy and gave a detailed account of how he hatched and raised the
    ducks from these eggs. *Held:* That the manner in which the said ducks dis-
    appeared and were found by the defendant is so shrouded in doubt that it is
    impossible to bring the case under section 433 of the Penal Code.

ID.—POSSESSION OF STOLEN GOODS—PRESUMPTION—CORPUS DELICTI.—The fact
    that a person charged with larceny tells inconsistent stories in accounting for
    the possession of objects recently stolen may tend to aid a presumption con-
    necting him with the offense charged, but there must be independent proof
    also of the *corpus delicti.*

The facts are stated in the opinion.

*Mr. Marcelino Romany* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Bernardo Rosa lost sixteen or twenty young ducks. He
was not exactly certain of the day of their disappearance,
nor did he give any account of how he kept them, or of the
circumstances under which they disappeared. He complained
to the police of the loss, and subsequently he himself found
three ducks which the evidence tended to show were of the
number of the sixteen or twenty that had disappeared. One
of them had a mark, which Rosa recognized, and others he
identified as of a similar race. The three ducks were found
in the possession of a certain Guzmán, who had bought them
of the defendant, Villegas. Guzmán said he saw Villegas
raise them. Villegas told both Rosa and the policeman, as
testified to by each of them, that he found the ducks in the

brook and that he thought they were wild ducks (*de monte*), and asked the policeman not tó prosecute.  Villegas took the witness stand and denied having told either witness the story of finding the ducks in the brook.  On the contrary, he insisted that he bought three duck eggs from a small boy, and he gave a detailed circumstantial account of how he raised the ducks from these eggs.

Appellant insists that there is no proof of an *animus furandi*.  The *fiscal* relies on the presumption that the possession of goods recently stolen, coupled with other circumstances, may connect a defendant with a crime, and he cites the case of *People v. Laureano,* 20 P. R. R. 7.  The additional circumstances relied on in this case are the inconsistent statements of the defendant.

In *Mason v. State,* 171 Ind. 78, Am. & Eng. Annotated Cases, 1212, there is a citation from Wills' Circumstantial Evidence, as follows:

"It is seldom, however, that juries are required to determine upon the effect of evidence of the mere recent possession of stolen property; from the very nature of the case, the fact is generally accompanied by other corroborative or explanatory circumstances of presumption.  If the party have secreted the property—if he deny that it is in his possession, and such denial be discovered to be false—if he cannot show how he became possessed of it—if he give false, incredible, or inconsistent accounts of the manner in which he acquired it, as that he found it, or that it had been given or sold to him by a stranger, or left at his house—if he have disposed of or attempted to dispose of it at an unreasonably low price—if he have absconded or endeavored to escape from justice—if other stolen property, or housebreaking tools, or other instruments of crime be found in his possession—if he were seen near the spot at or about the time when the act was committed—or if any article belonging to him be found at or near the place where the theft was committed, at or about the time of the commission of the offense—if the impression of his shoes or other articles of apparel correspond with marks left by the thieves—if he have attempted to obliterate from the articles in question marks of identity, or to tamper with the parties or the officers of justice—these, and all like circumstances, are justly consid-

ered as throwing light upon and explaining the fact of possession, and render it morally certain that such possession can be referable only to a criminal origin, and cannot otherwise be rationally accounted for."

It is true that the telling of inconsistent stories may tend to aid the presumption, but we think the whole citation shows that it is assumed that there has been some independent proof of a *corpus delicti*. Indeed, the presumption of the connection with the crime results from the goods having been stolen recently. In the case of *People* v. *Carrillo*, 24 P. R. R. 594, we pointed out, with citation of authorities, that the *corpus delicti* may be proved by circumstantial evidence. Here the possession of the goods is relied on not only to connect the defendant with the crime, but also partially to show that a theft has been committed. There is a probability that the defendant was guilty, or at least had a guilty conscience, but the law requires certainty, and we do not think the *corpus delicti* was sufficiently proved. Ducks may wander. If there had been any independent evidence of a theft, or any evidence tending to show a taking under suspicious circumstances, we might come to a different conclusion. If, indeed, there had been some description of the neighborhood, or the manner of keeping the ducks, this might be enough. The prosecuting witness owned 16 or 20 ducks, and there is not the slightest evidence of what became of any of them beyond the three shown to be in possession of the defendant.

The *fiscal* insists that by virtue of section 433 of the Penal Code it was the duty of the defendant to look for the owner. The section is as follows:

"Sec. 433.—One who finds lost property under circumstances which give him knowledge of, or means of inquiry as to, the true owner, and who appropriates such property to his own use, or to the use of another person not entitled thereto, without first making reasonable and just efforts to find the owner and restore the property to him, is guilty of larceny, and shall be punished accordingly."

There was no proof whatever of circumstances which gave defendant knowledge of, or means of inquiry as to, the true owner. There was no evidence of the situation of the brook, or how close it was to the house of the prosecuting witness. The manner of the disappearance or finding by defendant is so shrouded in doubt that it is impossible to bring the case under section 433.

We are unwilling to sustain the conviction on this showing, and the judgment must be

*Reversed.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey absent.