El Pueblo, Demandante y Apelado, *v.* Villegas, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en causa por hurto de menor cuantía.

No. 1188.—Resuelto en noviembre 27, 1917.

Hurto—Hallazgo de Cosa Perdida.—En este caso el denunciante perdió cierto número de patos, y denunció el hecho a la policía. Posteriormente encontró tres de los patos en poder de otra persona, quien los había comprado al acusado, y los cuales identificó porque uno de ellos tenía una marca y los demás eran de la misma raza. El denunciante y un policía declararon que el acusado les dijo que los había encontrado en una quebrada y creyó que eran del monte. El acusado declaró negando que hubiera hecho esas manifestaciones e insistió en que había comprado a un muchacho tres huevos de patos e hizo una detallada relación de cómo sacó los patos de los mencionados huevos. *Se resolvió:* que la manera en que dichos patos se desaparecieron y fueron encontrados por el acusado está de tal modo envuelta en

duda, que es imposible estimar este caso como comprendido en el artículo 439 del Código Penal.

ID.—POSESIÓN DE OBJETOS ROBADOS.—PRESUNCIÓN—MANIFESTACIONES INCON-GRUENTES—CORPUS DELICTI.—El hecho de que una persona acusada de hurto incurra en manifestaciones incongruentes al explicar la posesión de determinados objetos recientemente robados puede ayudar a establecer una presunción de conexión entre el acusado y un delito imputádole, pero es necesario también que haya prueba independiente de la existencia del *corpus delicti.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Marcelino Romany.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Bernardo Rosa perdió diez y seis o veinte patos pequeños. No tenía seguridad de la fecha en que se le desaparecieron, ni hizo relación alguna sobre la manera en que los tenía ni las circunstancias bajo las que se le desaparecieron. Denunció el hecho de la pérdida de sus patos a un policía, y posteriormente él mismo encontró tres patos, que según tendió a demostrar la prueba, eran del número de los 16 o 20 que se habían desaparecido. Uno de ellos tenía una marca, que Rosa reconoció, y los demás los identificó como de la misma raza. Los tres patos fueron encontrados en posesión de un tal Guzmán que se los había comprado al acusado Villegas. Guzmán dice que vió a Villegas criarlos. Villegas dijo tanto al testigo Rosa como al policía, según declaración de ambos, que él los había encontrado en la quebrada y creyó que eran del monte y le dijo al policía que no lo denunciara. Villegas declaró negando que hubiera dicho a ninguno de dichos dos testigos que hubiese encontrado los patos en la quebrada. Por el contrario insistió en que había comprado a un muchacho tres huevos de patos, e hizo una detallada relación de cómo sacó los patos de los mencionados huevos.

El apelante insiste en que no ha habido prueba demostrativa del *animus furandi.* El Fiscal descansa en la presunción de que la posesión de bienes recientemente robados, unida a otras circunstancias, puede conectar a un acusado

con el delito imputádole, y cita en apoyo de su teoría del caso la doctrina sentada en el caso del *Pueblo* v. *Laureano,* 20 D. P. R. 8. Las circunstancias adicionales que se alegan concurrir en el presente caso son las manifestaciones incongruentes del acusado.

En el caso de *Mason* v. *State,* 171 Ind. 78, 16 Am. & Eng. Annotated Cases, 1212, se cita de la obra de Wills en materia de Evidencia Circunstancial, lo siguiente:

"Raras veces, sin embargo, tiene el jurado que determinar el efecto de la evidencia de la simple posesión reciente de objetos robados; por la propia naturaleza del caso, el hecho de la posesión está acompañado generalmente de otras circunstancias corroborantes o que explican la de la presunción. Si la parte ha escondido la propiedad; si negare que estuviese en posesión de la misma, y se descubriere luego la falsedad de su negativa; si no pudiere revelar el modo y forma en que llegó a posesionarse de la misma; si diere explicaciones falsas, increíbles o incongruentes del modo y forma en que adquirió la misma, como por ejemplo, que la encontró, o que se la dió o vendió un extraño, o que la dejaron en su casa; si hubiere dispuesto o tratado de disponer de la misma a un precio bajo fuera de toda razón; si se hubiere ocultado o tratado de escapar de la acción de la justicia; si se encontraren en su poder otros objetos robados, o herramientas propias para verificar escalamientos o cualesquiera otros instrumentos de delito; si fuere visto cerca del sitio a la hora o momento en que se realizó el hecho; o si algún artículo que le pertenezca se encontrare en o cerca del lugar en que se cometió el hurto, como a la misma hora más o menos en que se realizó el delito; si correspondiere la impresión de sus zapatos u otros artículos de vestir con las marcas o señales dejadas por los ladrones; si hubiere tratado de hacer desaparecer alguna marca o señal de identidad que tuvieren los artículos robados, o tratado de corromper o sobornar a las partes o funcionarios de la justicia, éstas y toda otra circunstancia por el mismo estilo, se consideran justamente como que arrojan luz y explican el hecho de la posesión, y hacen moralmente cierta la conclusión de que semejante posesión sólo puede atribuirse a un origen delictivo, y no puede explicarse de otro modo."

Es cierto que el hecho de dar dos explicaciones incongruentes pueda ayudar a establecer la presunción debatida, pero creemos que la cita en su totalidad nos revela que se

dá por sentado que ha habido prueba independiente de la existencia del *corpus delicti*. En realidad de verdad, la presunción de la conexión con el delito surge del hecho de que hayan sido recientemente robados los objetos encontrados en poder del acusado. En el caso de *El Pueblo* v. *Carrillo,* 24 D. P. R. 632, 634, sostuvimos, apoyados en las autoridades que allí citamos, que el *corpus delicti* puede ser demostrado mediante prueba circunstancial. En el presente caso se descansa en el hecho de la posesión de los objetos perdidos no sólo como vía de conexión entre el acusado y el delito imputádole, sino que parcialmente también para demostrar que el delito de hurto se ha cometido. Es probable que sea culpable el acusado, o que al menos tenga la conciencia de su culpabilidad, pero la ley exige certeza y no creemos que el *corpus delicti* estuvo suficientemente demostrado. Los patos pueden vagar. Si hubiera habido alguna evidencia independientemente del hurto, o alguna evidencia tendente a demostrar el que dichos patos fueron cogidos bajo circunstancias sospechosas, habríamos llegado a una distinta conclusión. Si, en realidad de verdad, hubiera habido alguna descripción del vecindario, o de la manera en que tenía los patos, esto podría haber sido suficiente. El querellante tenía 16 o 20 patos, y no se ha aportado la más mínima prueba respecto a qué se hicieron los demás, fuera de los tres que aparecieron haber estado en posesión del acusado.

El Fiscal insiste en que por virtud del artículo 433 del Código Penal era deber del acusado buscar al dueño de los patos. Dicho artículo reza como sigue:

"Art. 433.—La persona que encontrare alguna cosa perdida, bajo circunstancias que le dieren indicio de su legítimo dueño, o le facilitaren el medio de averiguarlo, y se apropiare el hallazgo, bien para su uso particular, bien para el de otra persona, sin haber practicado las diligencias del caso para encontrar al dueño y devolverle su propiedad, será culpable de hurto, y será castigada con la pena correspondiente."

No se aportó prueba alguna de circunstancias que le dieran

al acusado indicio de, o facilitaren el medio de averiguar, quién fuese el legítimo dueño de dichos patos. No se probó porqué sitio pasaba la quebrada, o a qué distancia pasaba respecto a la casa del querellante. La manera en que dichos patos se desaparecieron y fueron encontrados por el acusado está de tal modo envuelta en una nube de dudas que es imposible que pueda estimarse este caso como uno de los comprendidos en el citado artículo 433.

No estamos dispuestos a sostener la sentencia de convicción con la prueba aportada, y por tanto dicha sentencia debe ser revocada.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.