## ROSENBERG v. STATE OF INDIANA.

[No. 23,936. Filed March 29, 1922. Rehearing denied November 22, 1922.]

1. CRIMINAL LAW.— *Circumstantial Evidence.— Conflicting Inferences.— Verdict.— Conclusiveness.—* The rule that circumstantial evidence must exclude every reasonable hypothesis of innocence is a rule for the guidance of the trial court, but when the sufficiency of such evidence to sustain a judgment of conviction is challenged on appeal, the rule is that if it is of such a character that two conflicting inferences may be reasonably drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of the appellate tribunal to determine which inference ought to control the jury. p. 487.

2. CRIMINAL LAW.— *Appeal.— Verdict.— Weighing Evidence.—* When the sufficiency of the evidence is challenged on appeal, the court will not weigh the evidence, and, if there is any evidence to sustain the verdict, it will not be disturbed. p. 487.

3. CRIMINAL LAW.— *Appeal.— Weighing Evidence.—* The rule that the court on appeal will not weigh the evidence applies whether it is direct, circumstantial, or both. p. 488.

4. LARCENY.—*Possession of Stolen Property.—Presumptions.—* Where it is proved that property has been stolen, and it is found shortly after the larceny in the exclusive possession of another, a presumption arises that the party in possession of the property is the thief, in the absence of any showing that such possession was innocently acquired. p. 488.

5. CRIMINAL LAW.—*Larceny.—Possession of Stolen Property.— Evidence in Explanation.—*Where the evidence shows defendant's possession of stolen property shortly after a larceny, evidence tending to show innocence, or in explanation of such possession consistent with his innocence, may be given by accused; and, if upon all of the evidence there is a reasonable doubt of his guilt, he should be acquitted. p. 489.

6. LARCENY.— *Possession of Stolen Property.— Evidence.— Explanations.—Jury Questions.—*The jury, or the court, if the case is tried by the court, is the sole judge whether evidence offered in explanation of defendant's possession of stolen property shortly after the larceny thereof or other evidence given by or on behalf of the accused is sufficient to raise a reasonable doubt of his guilt. p. 489.

7. LARCENY.—*Corpus Delicti.—Proof.—*To support a conviction for larceny, there must be some evidence that the property in question was actually stolen. p. 489.

8.  LARCENY. — *Corpus Delicti. — Proof. — Circumstantial Evidence.*—The *corpus delicti* in larceny, like other facts in general, may be established by circumstantial evidence.  p. 489.

9.  LARCENY.—*Corpus Delicti.—Proof.—Unexplained Possession of Stolen Goods.*—While the unexplained possession by one person of the goods of another is not of itself sufficient to prove that larceny has been committed, yet such fact, in connection with the other circumstances, may be sufficient for that purpose.  p. 489.

10.  LARCENY.—*Identity of Stolen Property.— Conflicting Evidence.—Jury Questions.*—Where, in a prosecution for larceny, the evidence was conflicting as to whether an automobile found in defendant's possession was the one stolen from the prosecuting witness, it was the jury's right to believe the evidence of the witnesses for the state and to disbelieve those for defendant.  p. 490.

11.  CRIMINAL LAW.—*New Trial.—Newly-Discovered Evidence. —Conflicting Affidavits.—Trial Court's Decision.—Conclusiveness.*—Where the evidence offered in support of a motion for a new trial is conflicting, the decision of the trial court will not be reviewed on appeal.  p. 490.

12.  CRIMINAL LAW.—*New Trial.—Newly-Discovered Evidence.— Cumulative Evidence.*—A new trial will not be granted on the ground of newly-discovered evidence where such evidence is merely cumulative.  p. 495.

13.  CRIMINAL LAW.—*New Trial.—Newly-Discovered Evidence.—* A new trial will not be granted upon the ground of newly-discovered evidence unless it appears that the evidence would probably change the verdict upon another trial.  p. 495.

14.  CRIMINAL LAW.—*New Trial.—Newly-Discovered Evidence.—* In a prosecution for the theft of an automobile, alleged newly-discovered evidence offered by defendant as ground for new trial *held* not of such a character as to raise a presumption that the result of a second trial would be different from the first.  p. 495.

15.  CRIMINAL LAW.—*Appeal.—Questions Presented.—Ruling on Motion for New Trial.—Sufficiency of Evidence to Support.— Bill of Exceptions.*—Where a bill of exceptions purporting to contain the evidence upon the motion for a new trial on the ground of newly-discovered evidence does not contain all the evidence presented to the court, the bill fails to present the question as to the sufficiency of the evidence to support the finding of the court upon the motion.  p. 495.

From Tippecanoe Circuit Court; *Homer W. Hennegar,* Judge.

Prosecution by the State of Indiana against Isadore Rosenberg. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Charles A. West,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

WILLOUGHBY, J.—The appellant was convicted by a jury on a charge of grand larceny. The property alleged to have been stolen was an automobile of the value of $600. The court overruled a motion for new trial, and rendered judgment on the verdict, and from such judgment the appellant appeals and assigns as error, that the court erred in overruling his motion for a new trial.

The reasons for a new trial are stated in said motion as follows: 1. The verdict of the jury is not sustained by sufficient evidence. 2. The verdict of the jury is contrary to law. 3. Newly-discovered evidence.

It is the contention of the appellant that because there is no evidence showing that any one saw the automobile stolen and that there is no evidence in the record 1, 2. that appellant was in the city of Lafayette, Indiana, on the night of December 10, 1920, or at any other time, the evidence is circumstantial and that circumstantial evidence to be sufficient to sustain a conviction shall be of a conclusive tendency; that it is not sufficient if merely consistent with the hypothesis of guilt, but must exclude every reasonable hypothesis of innocence; in other words, it is the contention of appellant that where the evidence leaves standing some reasonable hypothesis of innocence there can be no conviction and that when the record discloses that fact to the appellate tribunal a judgment of conviction can not be affirmed.

The rule contended for by appellant does not prevail

in this state. The true rule for the guidance of the Supreme Court is that where the circumstantial evidence in a case is of such a character that two conflicting inferences may be reasonably drawn therefrom, one tending to prove or favorable to the guilt of the accused and the other favorable to his innocence, then under such circumstances, it is not within the province of the Supreme Court to determine which inference ought to control the jury. See: *Lee* v. *State* (1922), 191 Ind. 515, 132 N. E. 582; *Wrassman* v. *State* (1921), 191 Ind. 399, 132 N. E. 673; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403.

The rule contended for by the appellant is the rule given for the guidance of the trial court in the trial of the cause, but when a case is before this court on appeal, on the sufficiency of the evidence, the court will not weigh the evidence, but if there is any evidence to sustain the verdict or finding, will sustain it.

3. The rule that this court will not weigh the evidence applies whether the same is direct, circumstantial, or both. *McCaughey* v. *State* (1901), 156 Ind. 41, 59 N. E. 169.

4. When it is proved that property has been stolen, and the same property, recently after the larceny, is found in the exclusive possession of another, a presumption arises that the party in whose possession such property is found is the thief, in the absence of any showing that such possession was innocently acquired. *Isenhouer* v. *State* (1901), 157 Ind. 517, 62 N. E. 40, 87 Am. St. 228; *Madden* v. *State* (1897), 148 Ind. 183, 47 N. E. 220; *Campbell* v. *State* (1898), 150 Ind. 74, 49 N. E. 905; *Johnson* v. *State* (1897), 148 Ind. 522, 47 N. E. 926; *Walden* v. *State* (1914), 182 Ind. 112, 104 N. E. 300; *Mason* v. *State* (1908), 171 Ind. 78, 85 N. E. 776, 16 Ann. Cas. 1212.

Evidence tending to show innocence, or in explanation

of such possession consistent with his innocence, may be given by the accused; and, if upon the whole evidence there is a reasonable doubt of his guilt, he should be acquitted. *Blaker* v. *State* (1892), 130 Ind. 203, 29 N. E. 1077; *Mason* v. *State, supra.*

5.

The jury, or if tried by court, the court is the sole judge as to whether the explanation or other evidence given by or on behalf of the accused is sufficient to raise a reasonable doubt of his guilt. *Mason* v. *State, supra,* and cases there cited.

6.

To support a conviction there must be evidence that the property in question was actually stolen. The *corpus delicti* in larceny, like other facts in general, may be established by circumstantial evidence. While the unexplained possession by one person of the goods of another is not of itself sufficient to prove that a larceny has been committed, yet such fact in connection with the other circumstances, may be sufficient for that purpose.

7-9.

It is said in 1 McClain, Criminal Law §612: "The *corpus delicti* need not be shown by direct evidence; that is, there need not necessarily be proof of the loss of property by theft, distinct from the facts showing that property found in the defendant's possession was wrongfully taken from the owner thereof. Proof of the act is not necessary where the circumstances can only be explained by a felonious act." *Mason* v. *State, supra; State* v. *Rodman* (1883), 62 Iowa 456, 17 N. W. 663.

The undisputed evidence in this case shows that on December 10, 1920, Mabel Isherwood was the owner of a Ford sedan automobile, model T 1920; that on said day about 9 o'clock in the evening her son parked the car on Fifth street near the Metz hotel, in the city of Lafayette, Indiana, and took the switch key out and put it in his pocket. He went into the Metz hotel, and remained about forty (40) minutes, and when he came

out the car was missing. As soon as he missed the car he reported the loss to his father and notified the police.

On December 22, 1920, the appellant was arrested at the city of Indianapolis, Indiana, for the theft of the car. The appellant when arrested was driving the car alleged to have been stolen. The police took the appellant and the car to the police station and notified Mabel Isherwood of what they had done.

The evidence in regard to the identity of the car is conflicting. Witnesses on behalf of the state testified that the car was Mabel Isherwood's car and was 10. the same car which her son parked on Fifth street in Lafayette, near the Metz hotel, on the evening of December 10, 1920. The appellant claimed that he owned the car, and supported this claim by his own testimony and the testimony of other witnesses called by him. It appears from the verdict that the jury believed the witnesses for the state and disbelieved appellant's witnesses. This they had a right to do, and this court is not authorized to disturb the verdict.

Appellant claims that the court should have granted a new trial on the ground of newly-discovered evidence. The record shows that this branch of the motion 11. for a new trial was supported by affidavits setting forth the facts upon which appellant relied. The state filed counter-affidavits, controverting the facts alleged in appellant's affidavits. The court, after taking the matter under advisement, overruled said motion, thus deciding the issues of fact against appellant. Where the evidence offered in support of a new trial is conflicting, the decision of the trial court will not be reviewed on appeal. *DeHart* v. *Aper* (1886), 107 Ind. 460, 8 N. E. 275; *Schnurr* v. *Stults* (1889), 119 Ind. 429, 21 N. E. 1089; *Roose* v. *Roose* (1896), 145 Ind. 162, 44 N. E. 1; *Keyes* v. *State* (1890), 122 Ind. 527, 23 N. E. 1097; *Hinshaw* v. *State* (1897), 147 Ind. 334, 47 N. E.

157; *Hauk* v. *State* (1897), 148 Ind. 238, 46 N. E. 127; 47 N. E. 465; *Keith* v. *State* (1901), 157 Ind. 376, 61 N. E. 716; *Shular* v. *State* (1903), 160 Ind. 300, 66 N. E. 746.

No error appearing in the record, the judgment is affirmed.

Ewbank, C. J., not participating.

Myers, C. J., concurs in the conclusion.

### ON PETITION FOR REHEARING.

WILLOUGHBY, J.—The appellant insists that the court erred in holding that the facts relied on in appellant's motion for a new trial on account of newly-discovered evidence was controverted by the state. In this contention the appellant is not sustained by the record. The record shows that in support of said motion appellant filed the affidavit of Wilbur L. Hunt, which is as follows, omitting caption, jurat and signatures:

"Wilbur L. Hunt being duly sworn on his oath deposes and says that he is the same individual commonly known as William L. Hunt; that he was notified to appear before the circuit court of Lafayette at the trials of the State of Indiana v. Rosenberg and State of Indiana v. Hugh Rife; that at the time of said trial he was unable to appear before said court for the reason that he was ill and confined to his bed; that he is personally acquainted with the said Rosenberg and Rife; that he also knows that the car, said to have been stolen by Rosenberg and Rife, was in the possession of Rosenberg prior to December 10, 1920; that he had tried to buy the car before that date from the said Rosenberg; and that he would so testify before the said court. Further affiant saith not."

Said affidavit was sworn to on January 19, 1921.

The record further shows that on January 27, 1921, the prosecuting attorney filed counter affidavits of Wil-

bur L. Hunt, William Rugenstein, and Michael Hynes. This affidavit of Wilbur L. Hunt was sworn to on January 25, 1921, and is as follows, omitting the caption, etc.:

"I, Wilbur L. Hunt, doing business in the City of Indianapolis, Marion county, Indiana, at 910 North Illinois street, under the firm name of the Speedway Engineering Co., upon oath say: That I am the Wilbur L. Hunt who on the 19th day of January, 1921, made an affidavit to be used in a motion for a new trial made by Isadore Rosenberg in the Tippecanoe county, Indiana circuit court, wherein the said Isadore Rosenberg was convicted after trial by jury of grand larceny. That in said affidavit I stated that I attempted to buy of said Rosenberg a Ford sedan prior to the 10th day of December, 1920. That it is also the fact that said Rosenberg was in the possession of a Ford sedan on that day, which was two or three days before or two or three days after Thanksgiving Day, 1920. I cannot fix the date. That I made no examination of said Ford sedan; that I did not get into said Ford sedan; that I did not look at the engine in said Ford sedan; that I can not say whether it did or did not have a broken glass in the wind shield; that I did not observe whether or not it had a tire carrier, and, if I was to see the same Ford sedan now that I saw on the date above set out, I would have no means of identifying it as the Ford sedan I saw Isadore Rosenberg with on the date above set out. I could not positively testify, under oath, that any certain Ford sedan was the one I saw Isadore Rosenberg with at the time I have fixed. All of which is true to the best of my knowledge and belief."

The joint affidavit of Rugenstein and Hynes also contradicts the statements of Hunt in his affidavit sworn to on January 19, 1921, and filed by appellant in sup-

port of his motion for a new trial; and also contains statements relative to the residence and office address of Louis B. Calvelage.

It is stated in the motion for a new trial, "that the defendant testified at the trial of this cause that he purchased the automobile (which he is charged in the affidavit with stealing) on the 20th day of November, 1920, from one named John Hoffman; that at the time of such purchase he received a bill of sale for said automobile from the said John Hoffman, and that the bill of sale was acknowledged by a notary public in the city of Indianapolis, Indiana, and that the said notary public, whose name is Louis B. Calvelage, witnessed the signing of said bill of sale by the said John Hoffman, and that said Louis B. Calvelage as such notary public, acknowledged the execution of said bill of sale by the said John Hoffman, and saw the said John Hoffman deliver the said bill of sale to this defendant; and that said Louis B. Calvelage will so testify if a new trial is granted this defendant; all of which will fully appear from the affidavit of the said Louis B. Calvelage, and of this defendant filed herewith, and made a part of this specification and ground for a new trial."

In his brief on petition for rehearing the appellant says, "The affidavit of Louis B. Calvelage, filed in support of the motion for a new trial, showed that said Calvelage would testify that he did acknowledge this bill of sale and that the same was genuine; that he would so testify if a new trial was granted."

Said affidavit does not show that said Calvelage would testify as above stated. It is as follows:

"I, Louis B. Calvelage, of 2610 West Michigan street, Indianapolis, Indiana, being first duly sworn upon his oath, states that he has not received summons or subpoena to appear as a witness, nor has he received a

summons to appear as a party, to any action of any kind in the county of Tippecanoe in the State of Indiana within two years last past.

"Affiant further says that he acknowledged the execution of a bill of sale from Hoffman to a gentleman of a Jewish appearance some time in November, 1920, and that he prepared an affidavit with the same and on the back of said bill of sale (as he remembers) setting forth that said Hoffman was the absolute owner of said automobile and that there were no incumbrances or liens against the same.

"Affiant further states that he has made diligent inquiry of all persons connected with his office at the above address and at which address he holds his residence and that no subpoena nor summons was left there, that this affiant also has a place on the Speedway road, outside of the city of Indianapolis, that he is staying at both places, that he had made diligent inquiry there and that he can learn of no summons or supoena having been left there to appear in a court in the city of Lafayette or the county of Tippecanoe in the State of Indiana, within two years before this the 18th day of January, 1921."

It further appears that an affidavit of one Sam Rosenblatt was filed in support of appellant's motion for a new trial. In it he says that he was not at the trial of the appellant because, "he just supposed he was not needed at said trial and that had he been present at said trial of defendant, Isadore Rosenberg, he would have testified and would so testify if a new trial is granted said defendant; that on the night of December 9, 1920, he called at the home of said defendant in the city of Indianapolis, Indiana, and requested said defendant to call at his home on December 10, 1920, and get a trunk which belonged to said defendant; that he

was going to move; that on the 10th day of December, 1920, this defendant did call at his home about noon of said day and did take the said trunk and that the defendant did have in his possession at that time a Ford sedan automobile; that the time said defendant did call at his home was before nine o'clock of the evening of the 10th of December, 1920."

This is identical with the testimony of Minnie Rosenberg, wife of the appellant, who was a witness on behalf of the defense. It was therefore, nothing 12. more than cumulative evidence, and a new trial will not be granted to permit the introduction of merely cumulative evidence. *Hines* v. *Driver* (1885), 100 Ind. 315.

New trials are not granted upon the ground of newly-discovered evidence unless it appears that the evidence would probably change the verdict upon another 13. trial. *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320.

The evidence alleged to have been newly-discovered by the appellant is not of such character as to raise a reasonable presumption that the result of a second 14. trial would be different from the first. No diligence was shown by appellant to procure such evidence.

It further appears that the bill of exceptions No. 3 purporting to contain the evidence upon the motion for a new trial on account of newly-discovered evidence 15. dence does not contain all the evidence presented to the court upon that subject; therefore it does not present the question as to the sufficiency of the evidence to support the finding of the court upon said motion. *Endsley* v. *State* (1881), 76 Ind. 467.

The petition for a rehearing is overruled.

### DISSENTING OPINION.

EWBANK, J.—Being unable to agree with the majority of the court, both as to the ruling which should be made and as to a rule of law declared by the original opinion in this case, it is proper that I shall state my reasons.

The original opinion states that: "When it is proved that property has been stolen, and the same property, recently after the larceny, is found in the exclusive possession of another, a presumption arises that the party in whose possession such property was found is the thief, in the absence of any showing that such possession was innocently acquired (citing cases). Evidence tending to show innocence or in explanation of such possession consistent with his innocence may be given by the accused; and if upon the whole evidence there is a reasonable doubt of his guilt, he should be acquitted."

I understand the correct rule to be that all presumptions are at all times in favor of the innocence of the accused; and while the presumption of innocence may be overcome by evidence of guilt, it still remains with the accused, even though any number of witnesses for the state shall testify that they found stolen property in his possession, or even that they saw him steal it, and he can only be convicted in case the preponderance of all the evidence in his favor and against him shall overcome that presumption, and show him guilty beyond a reasonable doubt.

And I further understand the correct rule to be that proof of finding property recently stolen in the exclusive possession of the accused is not sufficient even to support an inference that he is the thief, but that in order to justify the drawing of such an inference it must further be shown, that when he was found in possession of such property, he gave a false or unreasonable account of where and how it came into his possession, or

failed to account for such possession at all. And I understand that even the rule as thus expressed has reference to an explanation or failure to explain at the time his right to possession was first challenged, by his arrest or otherwise, and not to an explanation which he may give when testifying at the trial.

Setting out the particular facts of this case in a dissenting opinion would be of no value. But I think a rehearing should be granted.